or in part under oath, before he will be permitted to introduce evidence to disprove a *prima facie* case which the statute contemplates may be made by the affidavit.

The statute requires a plaintiff to swear that "such account is, *within the knowledge of the affiant,* just and true; that it is due, and that all just and lawful offsets, payments and credits have been allowed." The law does not permit, much less encourage, guesswork in swearing; and to require a defendant to swear that a transaction between a plaintiff and a third person, of which he may have no personal knowledge whatever, either did or did not occur in whole or in part, before he will be permitted to controvert the *ex parte* affidavit of his adversary, would be to encourage swearing without knowledge, which is morally perjury, or in some cases to forego a just defense, which might be clearly established under the well settled rules of evidence.

Although J. D. McCamant had made a deed for the land prior to the origin of the debts which are made the basis of this suit, yet if such conveyance was not made with intent to vest the title in his apparent vendee, but for the purpose of enabling the vendee to sell it for his benefit; or if, for any other lawful purpose, the title to the land was placed in the vendee, T. J. McCamant, to be held in trust for J. D. McCamant, and he so held it, then it was subject to attachment for a debt of the defendant, and the defendant Gray would be bound by the result of this suit, he having purchased since the attachment was levied upon the land.

But either of the defendants may show, if they can, that J. D. McCamant is not indebted to the plaintiff; and, if they so show, this will give full protection to the defendant Gray.

For the errors indicated the judgment is reversed and the cause remanded.

                                        REVERSED AND REMANDED.

[Opinion delivered May 1, 1883.]

---

JOHN VANDERGRIFF v. T. E. PIEROY.

(Case No. 4490.)

1. LOST DEED — COPIES.— A certified copy of a lost deed is, when the statute is complied with, original evidence of the contents of the original (R. S., art. 2257).
2. LOST DEED.— When it is sought by parol evidence to show the former existence, contents and loss of a deed, notice to produce, when necessary, must be given, and inquiry and search from proper persons and in proper places must be shown. When

practicable, its loss should be shown by the one who was charged with its custody at the time of loss; if he be dead, application and search should be made to his representatives and among his papers. The last custodian should be produced or his absence satisfactorily accounted for, and his mere declarations are not admissible. Crayton v. Munger, 9 Tex., 285; Hooper v. Hall, 30 Tex., 154; Butler v. Dunagan, 19 Tex., 559, and other cases cited, followed.

APPEAL from Parker. Tried below before the Hon. A. J. Hood.

F. A. Piercy, a lady who brought this suit in order to get in the testimony of the contents of deeds alleged to be lost, made an affidavit that they were in existence and had been recorded, but they and the records were destroyed by fire in the court-house when it was burned; that she had tried diligently to find them, and could not, " therefore she says they are destroyed or lost." She stated no diligence in search for the lost deeds, and the clerk when the fire occurred was not produced, or his absence accounted for.

*E. P. Nicholson*, for appellant.

*B. G. Bidwell*, for appellee.

WEST, ASSOCIATE JUSTICE.—Where it is proposed to prove the existence and contents of a lost deed under the rule of evidence, as declared in our statute, certified copies constitute original evidence, if the requirements of the law are complied with. R. S., art. 2257.

In this case, where it is proposed to prove by parol evidence the existence, loss and contents of certain original deeds outside of the statute, the rules of evidence at common law and in equity govern, and they must be complied with. R. S., art. 2245.

There must be shown, in cases where it is necessary, that there has been a notice to produce given. It must also be shown that there has been diligent search and inquiry made of the proper person, and in the proper places, for the lost deed. The loss of it must be proved, if possible, by the person in whose custody it was at the time of the loss, if such person be living, and if dead, application should be made to his representatives, and search made among the documents of the deceased. The declarations merely as to loss, of the person in whose custody it was at the time, will not do; such custodian must be produced or his absence satisfactorily accounted for. There should be evidence, in cases like the present, of some one who was in such a relation to the lost deeds as to be able to swear that they were in the county clerk's office when that office was burned, and were there burned. The affidavit of the clerk or deputy, or of the parties who

had been or were entitled to be custodians of the deeds, should be taken, or the absence of such evidence satisfactorily explained and accounted for. Hooper *v.* Hall, 30 Tex., 154; Butler *v.* Dunagan, 19 Tex., 559; Crayton *v.* Munger, 9 Tex., 285; Bateman *v.* Bateman, 16 Tex., 544; Dunn *v.* Choate, 4 Tex., 14. The affidavit in this case did not lay a sufficient predicate for the introduction of secondary evidence, and such proof should have been excluded.

The other questions presented by the record need not be noticed, as it is likely that different and fuller evidence will be introduced by both parties on the next trial; in which event, these questions may not again arise.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 1, 1883.]

| 59 | 373 |
| 74 | 290 |
| 59 | 373 |
| 87 | 123 |

## H. & T. C. R'y Co. v. Edward Richards.

### (Case No. 3624.)

1. CONTRIBUTORY NEGLIGENCE.— One who had been a section hand on a railway, while traveling at night between road crossings by stepping on the railway ties, was struck by an engine from behind and injured. He knew that a train approaching from behind him was due, and watched, looking behind from time to time for its approach. He testified that the engine had no head-light burning, and that he would have escaped the injury if it had been burning. As to whether the head-light was burning, he was corroborated by some witnesses and contradicted by others. *Held,*

   (1) The evidence did not warrant a verdict for damages.

   (2) One thus aware of his danger, and who by his own act contributes to the injury, cannot recover, unless the railway company, through its agents in charge of the engine, has knowledge of his danger long enough before its infliction to avoid it, or the injury was wilful.

   (3) A court cannot declare as matter of law that the omission of any act is negligence, unless its performance is required by law.

   (4) He who seeks damage for injury inflicted by another cannot recover if he has himself contributed to it.

   (5) This case distinguished from H. & T. C. R'y Co. *v.* Sympkins.

ERROR from Collin. Tried below before the Hon. Joseph Bledsoe.

Suit by defendant in error to recover damages for injuries received from the alleged carelessness and gross negligence of the defendant's servants in running its locomotive and cars against him, whereby he was thrown from the track, his arm and leg broken, and