HUNTER, EVANS & CO. V. PHIL. LANIUS ET AL.

No. 6991.

82  677
89  572

1. **Suit Against Administrator on Rejected Claim.**—Suit against an administrator on a rejected claim shall "be brought within ninety days after such rejection and not thereafter." The time should be reckoned excluding the day of rejection.

2. **Secondary Evidence—Relevancy.**—The existence of letters between the parties to a promissory note tending to show that the note was mere accommodation paper was shown. The loss of the letters and search for them by the parties in whose charge they were being shown, secondary evidence was competent and the testimony was relevant to support a plea impeaching the consideration of such note.

3. **Incompetent Testimony—Declarations.**—A defendant whose testimony was material offered testimony of a lawyer present on a former trial of the case to prove that the witness on such former trial had testified to the same effect as on the present trial. No attack had been made upon the witness as testifying differently. *Held*, upon objection the testimony should have been excluded. The party should not have been allowed to duplicate his testimony.

4. **Circumstantial Evidence—Remoteness.**—It was in issue whether a promissory note was mere accommodation paper, or was made to secure the payee against losses for money advanced by payee in a joint business between the maker and payee. It was competent to prove that a few weeks before the date of the note the maker then negotiating for himself and another with the payee had refused to execute such a note for security for advances.

5. **Same.**—It is not necessary that the fact sought to be proved should have immediate reference to the issue; it is sufficient if the evidence refer to a fact relevant to a fact in issue.

6. **Notice to Produce Papers.**—Plaintiffs were not notified to produce original letters written them by defendant. In absence of such notice it was error to admit copies.

7. **Charge.**—A note was executed upon a compromise. After the agreement the maker insisted upon a further credit. The payee was represented in the compromise by an attorney who insisted that the note be made as originally agreed upon, the further credit to be for future adjustment. This was done. Upon these facts it was error for the court in suit upon the note to charge that the note was invalid unless given upon full settlement, etc. It was valid if given for part of the matters in controversy.

8. **Waiver of Defense—Estoppel.**—Where one executes an obligation in renewal of a note claimed by the holder to be valid but known to the maker to be fraudulent, or without consideration, the latter will be deemed to have purged the transaction of fraud, and to have waived the want of consideration, and will not be permitted to plead it. So, a note is supported by a sufficient consideration if executed to secure the abandonment of a suit brought to enforce a doubtful right, or in compromise of a disputed claim made in good faith, though it ultimately appears that the claim was without merit.

APPEAL from Clay. Tried below before Hon. P. M. STINE.

The opinion states the case.

*Hazlewood & Templeton,* for appellants.—1. Before secondary evidence of the contents of a letter from appellants to Lanius would be admissible, it devolves on him (Lanius) to first show clearly that they wrote

such letter; that it was lost or destroyed; that he could give the substance of its contents, and that the same was relevant and admissible. Longino v. Ward, 1 Ct. App. C. C., sec. 523; Railway v. Rountree, 2 Ct. App. C. C., sec. 388; Sayles' Civ. Stats., rule 9 of chap. on Evidence; Whiteford v. Burckmeyer, 39 Am. Dec., p. 640; 1 Greenl. on Ev., secs. 82–84, 87, 88, 275, 557, 558, and notes.

2. The testimony of Phil. Lanius, given on a former trial of this cause, as to when, where, and how the note sued on was executed, as detailed by the witness A. K. Swan, was a declaration made by Lanius in his own interest; was hearsay, was irrelevant and immaterial, and the admission of such evidence was reversible error. Willis v. Gay, 48 Texas, 463–470; Moody & Jamison v. Gardner, 42 Texas, 411–414; Clever v. Hilberry, 9 Atl. Rep. (Pa.), 647–650; Craig v. Craig, 5 Rawle, p. 91; De Shon v. Ins. Co., 11 Met., 209; Chapin v. Marlborough, 9 Guy, 244; Railway v. Sutton, 42 Ill., 438; Whiteford v. Burckmeyer, 39 Am. Dec., p. 640, and notes; Ross v. Kornrumpf, 64 Texas, 394; 1 Greenl. on Ev., sec. 469, and notes; 1 Starkie on Ev., secs. 186, 187; 1 Whart. Law of Ev., sec. 570.

3. The evidence of the witness Easley, which is complained of in this assignment of error, was hearsay, was irrelevant and immaterial, and was inadmissible to vary, contradict, or in any manner affect the written contract sued on in this case, and the admission of such evidence was error. Sayles' Civ. Stats., rules 9, 10, 11 of chap. on Evidence, pp. 680, 681; Farmer v. Simpson, 6 Texas, 303; Muller v. Hoyt, 14 Texas, 49; Dean v. Border, 15 Texas, 298; Hamilton v. Rice, 15 Texas, 385; Lumber Co. v. Tel. Co., 58 Texas, 394; Whiteford v. Burckmeyer, 39 Am. Dec., 640; 1 Greenl. on Ev., secs. 275, 560, 561, and notes.

4. The charge of the court should be consistent with and directly applicable to the facts in evidence, and it should not submit to the jury issues not made or hypotheses not warranted by the evidence; and if such assumed issues be submitted by the charge, and it is not improbable that the jury are misled thereby, the error is a reversible one. Lee v. Hamilton, 12 Texas, 413; Earle v. Thomas, 14 Texas, 583; Andrews v. Smithwick, 20 Texas, 111; Austin v. Talk, 20 Texas, 164; Railway v. Rider, 62 Texas, 267; Hudson v. Morriss, 55 Texas, 596.

5. The abandonment and discontinuance by agreement of the parties thereto, and at the request of the defendants therein, of a suit or action brought to enforce a disputed claim or right, is a sufficient consideration for a promise to pay an obligation, and so is the compromise of such a claim or right made bona fide, even though it should ultimately appear that the claim or right compromised was wholly unfounded, and the court should have so instructed the jury. James v. Fulcrod, 5 Texas, 512–519; Keofe v. Vogle, 36 Iowa, 87; Babcock v.

Hawkins, 23 Vt., 561; 1 Pars. on Bills and Notes, pp. 196, 198, 199; 1 Add. on Con., sec. 14, et seq.; 1 Pars. on Con., marg. p. 441, et seq., and notes.

*Barrett & Stine,* for appellees.—The note executed by Lanius, Morgan, Cole, and Winter, and upon which this suit was brought, was given in renewal of and substituted for a part of said original $5000 note executed by Lanius, Eakman, and Orton, and was subject to the same infirmities and defenses, and was without consideration and void.

*A. K. Swann,* for appellee Hewett.—1. The owner of a claim against the estate of a deceased person, which claim has been rejected by the administrator, may sue the administrator in a court of competent jurisdiction within ninety days after such rejection but not thereafter.

2   If a claim against an estate of a deceased person has become barred by reason of suit not having been brought within ninety days after its rejection, the administrator can not waive the objection so as to revive it against the estate.   Rev. Stats., art. 2028; Burks v. Bennett, 62 Texas, 280; Gaston v. Boyd, 52 Texas, 282.

3.   As to computation of time:   The State v. Asbury, 26 Texas, 82; Railway v. Goodson, 1 Ct. App. C. C., sec. 27; Shaling & Co. v. Goodman, Id., sec. 267.

TARLTON, JUDGE, *Section B.*—This suit was instituted August 26, 1886, by Hunter, Evans & Co., against Phil. Lanius, Powell Cole, J. B. Morgan, and A. V. Winter.   Appellants sought to recover the principal sum of $2315.06, alleged to be due on a promissory note for that sum executed by defendants to the order of plaintiffs, dated December 26, 1885, and payable August 1, 1886.

The defendant Powell Cole having died intestate, February 22, 1886, the suit was at the October term of the court dismissed as to him.   October 16, 1886, appellants properly presented to B. T. Hewett, one of the appellees, who had in the meantime been appointed administrator of Cole's estate, the note in suit as a claim against the estate.   Hewett rejected the claim, and on January 14, 1887, appellants instituted suit against him as administrator.   The suit so brought was at the March term, 1887, consolidated with this action.

The defense mainly relied upon is that Lanius, as appellants knew, was the principal, and the remaining defendants were sureties on the note sued on; that the note was executed in lieu of and as a substitute for a certain note for $5000 previously executed, on May 16, 1885, to the order of plaintiffs by Phil. Lanius, with Cyrus Eakman and J. D. Orton as sureties; that the note for $5000 was mere accommodation paper and was without consideration, and that the note sued on, subject to like infirmities, was also wholly without consideration.

Appellants, in reply to the plea of failure of consideration, allege that appellees are estopped from urging such plea because of the following facts: On September 1, 1885, being the owners of the $5000 note, appellants brought suit thereon against Lanius, Eakman, and Orton, suing out an attachment which they caused to be levied on certain lands of defendants. During the pendency of this suit Lanius came to the attorneys of plaintiffs, representing that he was the principal on the note for $5000; that on the note there was yet due the sum of $2315.06, but no more; that if plaintiffs would dismiss their suit on the $5000 note, he would execute a note, with other solvent obligors, for $2315.06, in favor of plaintiffs. Hunter, Evans & Co. accepted this proposition. Lanius accordingly executed, with his co-obligors, the note sued on in this case, and plaintiffs dismissed their attachment suit, paying all costs. October 3, 1888, the jury rendered a verdict for the defendants, and from the judgment thereon entered plaintiffs prosecute this appeal.

The appellee Hewett, administrator, in addition to the defense urged by his co-defendants, claims that suit was not brought against him within ninety days after the rejection of the claim, and that appellants can not therefore maintain their action against him.

We shall first dispose of this contention. On the 16th of October, 1886, at 12 m., appellants presented the claim to the administrator, when it was rejected by him. January 14, 1887, suit was filed against the administrator. The question is whether, in computing the number of days, the day of the presentation shall be included or excluded. In the former event the suit was brought on the ninety-first day; in the latter, it was brought on the ninetieth day, and was in time. Our statute provides that the owner of a rejected claim "may, within ninety days after such rejection, and not thereafter, bring a suit" against the administrator for its establishment. It has been held that the provisions of this statute with reference to the time within which the suit is to be instituted are analogous to those providing for new trials, appeals, and writs of error. If the claim when presented to the administrator be granted, it becomes a judgment against the estate; if it be rejected, the further remedy by suit is in the nature of an appeal from the action of the administrator, to be prosecuted within ninety days after the rejection. Cotton v. Jones, 37 Texas, 34.

In the case of Burr v. Lewis, 6 Texas, 81, under a statute requiring that an appellant must, within twenty days after the term, give bond for the prosecution of an appeal, our Supreme Court stated the rule to be, "respecting the computation of time, that where it is to be computed from or after a certain day from an act done, the day on which the act is done is to be excluded, unless it appear that a different computation was intended." It does not appear to us, with reference to

this statute, that a different computation was intended.    The time should be reckoned, excluding the day of the rejection of the claim.

As disclosed by the record, the first reference to a note for $5000 similar in description to the one charged by appellees to have been mere accommodation paper, is found in a letter from Hunter, Evans & Co. to Lanius, bearing date May 9, 1885, as follows: "We have concluded that you would probably need some money to make advances on small bunches of cattle in small amounts to control that class of shippers.   We inclose you note for $5000—90 days—payable here.   If you will make same with two securities, O. K.—we can use it; place the money to your credit, and you can draw it out in sums to suit your convenience in controlling small shippers.   Use it to the best possible advantage for the most business," etc.   *   *   *

On May 13, 1885, Lanius, who testified that it took about three days for a letter to come from Chicago to Henrietta, wrote to appellants as follows:

"HENRIETTA, TEXAS, May 13, 1885.

"*Messrs. Hunter, Evans & Co., Chicago:*

"DEAR SIRS—I am in receipt of yours, and I will sign the note and have two good men to sign it with me and send it back to you in a day or so."   *   *   *

Lanius on the trial testified, that he did not like the tone of the letter of May 9; that it indicated, as he thought, an intention by appellants to hold him responsible on the note; that he thereupon at once wrote appellants that he would not sign the note, and that a short time thereafter, between the 10th and 15th of May, he received from appellants, inclosing the $5000 note, a letter of the following purport: "We herewith inclose you a note for $5000.   Please sign it and have two good men to sign it with you, and return it to us, so we can indorse it and put it up in the bank and get money on it for you to advance to small shippers.   We want the note to raise money on, and you will not be responsible on it."   That on receipt of this letter he with his sureties signed the $5000 note and returned it to appellants.   Lanius further testified, that this letter was lost; that he gave it to one Eakman, who never returned it to him; that with the help of Eakman he had searched through his own and Eakman's desk and through his and Eakman's papers, and in all places where the letter could likely be found.   With reference to the search made, Lanius was corroborated by Eakman.

Objection was interposed to the introduction of this testimony, on the grounds that the absence of the letter was not sufficiently accounted for; that its existence had not been sufficiently proved; that the testimony was not admissible to impeach the consideration of the note sued on, and that it was sought thereby to establish a prior agreement at

variance with a written contract. We sustain the action of the court assigned as error in overruling the objection urged. The testimony as to the existence and loss of the letter, and of the search for it, was, we think, sufficient to authorize the introduction of secondary evidence of its contents. Its existence was sworn to, and inquiry and search from the proper persons and in the proper places had been shown. Vandergriff v. Piercy, 59 Texas, 371. The testimony in attacking the consideration of the $5000 note tended to impeach the consideration of the note sued on, executed in lieu of the former. The agreement that the note should be mere accommodation paper entered, if true, into the consideration for its execution, and while it varied the terms of the written instrument, such variance is usually, if not necessarily, the effect of evidence supporting a plea of failure or want of consideration. The testimony was admissible, and though in the mind of the court the statement might have appeared unreasonable, its truth was yet a question for the determination of the jury. If the finding by the jury be against the weight of the evidence on a material issue, the remedy lies with the court on a motion for a new trial, and the court should not hesitate to apply it.

A witness for appellee, A. K. Swan, was permitted, over appellants' objection, to testify that he was present at a former trial of this cause and heard the testimony of the defendant Lanius as to when, where, and how the note sued on was executed, and that the testimony of Lanius as to the execution of the note was the same on that trial as on this. The grounds of the objection to this testimony were, that the evidence was hearsay, and that Lanius should not be permitted to strengthen his statements by declarations made in his own behalf on a previous occasion.

The objection in our opinion should have been sustained. No attempt had been made by appellants to prove that Lanius had, on the previous trial, made statements contrary to the purport of his testimony on this trial. The testimony of the witness Swan should have been excluded as mere hearsay. A party should not be permitted to duplicate his testimony, as was done in this instance by Lanius. We think that the action of the court in overruling the objection was erroneous, and probably most hurtful to appellants' rights.

Appellants were merchants in St. Louis and Chicago, engaged in the business of selling cattle on commission. In previous years they had an arrangement with appellee Lanius, by virtue of which he secured cattle from owners in Clay County to be shipped to Hunter, Evans & Co., to be sold by them on commission, the commission to be divided between plaintiffs and Lanius. In order to procure shipments of cattle appellants had been in the habit of making advances to Lanius to be applied by him to owners for future delivery of stock to be shipped, and in order to secure the sums advanced appellants were also in the habit

of taking, through Lanius, from the owners their notes with security for the sums advanced, to be paid out of the proceeds of the cattle when shipped and sold. Appellants, as additional security, had also exacted of Lanius his bond in the sum of $20,000 to indemnify themselves against losses for money advanced by them through him, in cases where the owners had failed to make shipments according to their agreements. In the year in question (1885) appellants began negotiations for a similar business relation with Lanius and one C. W. Easley. About two weeks after the inception of the negotiations Easley declined to enter into any arrangement with appellants, and negotiations were continued and finally consummated with Lanius alone. Pending the negotiations with Lanius and Easley, appellants, on April 8, 1885, wrote to Lanius a letter containing the following language: "Under the circumstances, we will have to ask you to give us a bond for $20,000, with two good securities, to protect us against overdrafts, etc. One similar to the one you executed two years ago will be satisfactory to us." No bond was executed, but subsequent to the retirement of Easley the $5000 note was signed by Lanius and his sureties. Appellants contend that the purpose and consideration of this note was to secure them for advances made to Lanius during the year 1885, and Lanius contends that the note was mere accommodation paper, to be used by appellants in obtaining the money to be advanced.

Under these circumstances the witness Easley testified, that in April, 1885, witness or Lanius, in reply to the letter above referred to, wrote to Hunter, Evans & Co. refusing to execute the $20,000 bond, and stating that they (Lanius and Easley) would make advances for plaintiffs to parties who had cattle to ship, and would use their best judgment in making such advances, but that they would not be responsible for the repayment thereof. Appellants objected to this testimony, on the grounds that the letter had no reference to the $5000 note, and it was hence immaterial and irrelevant, and that evidence of the contents of the letter was inadmissible unless its absence was accounted for and notice given to appellants to produce it.

An issue in this case was the original liability of Lanius on the $5000 note. The solution of this issue depended upon whether Lanius executed the note solely for accommodation purposes to enable appellants to raise money, or whether it was executed to secure appellants for money advanced. The subject matter of the inquiry was the liability of Lanius in the securing in this way of appellants. The fact that he had refused, a short time previous to the execution of the note, to assume liability on the bond would tend to show his refusal to assume liability on the note. Though the evidence bore remotely upon the issue, it was sufficiently pertinent to render it admissible. It is not necessary that the fact sought to be proved should have immediate reference to the issue; it is sufficient if the evidence refer to a fact rele-

vant to a fact in issue.   Horton v. Reynold's Admr., 8 Texas, 284; Day v. Stone, 59 Texas, 613.

It appears, however, that notice to produce the letter was not ·given to appellants, who were charged by the witness with its possession.· The objection on this ground should hence upon elementary principles have been sustained.   The facts mentioned by the court in explanation of the bill of exceptions, viz., that plaintiffs had introduced numerous letters from Lanius, and that the evidence had been on previous trials introduced without objection, and that defendants' attorneys stated it was their understanding that notice had been given, such notice, however, being denied by plaintiffs' attorneys, would not dispense with the rule requiring notice.

Appellants in their fourth assignment of error complain that the court erred in admitting testimony relating to agreements between the parties prior to the execution of the note sued on, and relating to the proposition of plaintiffs to require of Lanius and Easley the $20,000 bond.   The position of appellants seems to be that such evidence is inadmissible, for the sole reason that the agreements were prior to the execution of the note and varied its terms.·  For reasons stated in pre-ceding remarks, the bare fact that the agreements were had before the execution of the note would not render them inadmissible if they tended to show even slightly and remotely the intent of the parties in the exe-cution and acceptance of the note, and that the consideration men-tioned in the note was not the true consideration, or·that it was with-out consideration.

Appellants assign as error the following paragraph of the court's charge:   "If the plaintiffs had brought this suit on said $5000 note, and if there was a dispute between plaintiffs and defendant Lanius, * * * and if there was an agreement of compromise by which said dispute was to be settled, and if, they agreed that said Lanius was in-debted to plaintiffs in a certain sum of money, and if said agreement of compromise was made as a final settlement of the whole controversy, and if the note described in plaintiffs' petition was given for the amount so agreed upon in pursuance of said agreement of compromise, then said note so given was a valid and binding obligation, and you will find for plaintiffs."

This instruction was predicated upon the following evidence:  Plaint-iffs had brought suit on the $5000 note.   Lanius thereafter had sought plaintiffs' attorneys with a view to a compromise of their differences.· It was finally agreed that appellants' attorneys would accept a note for $2315.06 in settlement of the $5000 claim, and that plaintiffs would dismiss the suit and pay the costs.   Lanius, however, claimed that he was entitled to an additional credit of $200, and the attorneys agreed that if their clients, Hunter, Evans & Co., should be willing to allow

this credit it should be entered on the note as of its date. The note for $2315.06 was accordingly executed and the suit dismissed, but the credit claimed of $200 was left open for future adjustment, to be granted or refused at the will of Hunter, Evans & Co.

We agree with appellants, that this instruction does not conform to the evidence, and was hence misleading and erroneous. It was not necessary, in our opinion, that the whole controversy should have been settled by the agreement of compromise. If the note was given in settlement of any part of the differences between the parties, it would be supported by a valid consideration.

Appellants next assigned as error the refusal of the court to grant the following special instructions:

"1. If you believe and find from the evidence that Phil. Lanius, defendant herein, together with Cyrus Eakman and J. D. Orton, in 1885 executed and delivered to Hunter, Evans & Co. the $5000 note introduced in evidence, and that plaintiffs had brought suit on said note in the District Court of Clay County, Texas, and had in such suit attached certain property of said defendants or either of them, and that Phil. Lanius, after the institution of said suit and while the same was still pending and undisposed of, agreed with plaintiffs on the amount that was still due on said note for $5000, and that in order to and for the purpose of procuring the dismissal of the suit then pending and a release from the attachment of property which had been levied on, or in order to and for the purpose of procuring an extension of the time of payment of the amount still claimed to be due by plaintiffs on said $5000 note, agreed with plaintiffs or with their attorneys on a settlement of the differences existing between them as to the amount still due on said note, and in pursuance of said agreement the defendants in this suit executed and delivered to the plaintiffs the note herein sued on, and the plaintiffs thereupon in consideration of the execution of said note did in fact dismiss their suit on said $5000 note and release the property which had been levied on in that case and accepted in lieu of said note the note herein sued on, then you are instructed that said agreement and the subsequent compliance therewith by the parties thereto is a sufficient consideration for the note sued on, and you will find for plaintiffs.

"2. You are instructed that the abandonment and discontinuance of a suit or action brought to enforce a doubtful right or claim is a sufficient consideration for a promise, and so is the compromise of a disputed claim made bona fide even though it ultimately appears that the claim compromised was wholly unfounded. If, therefore, you should believe and find from the evidence that the note sued on in this case was given in consideration of a compromise of the suit instituted by plaintiffs on the $5000 note, and that said suit was dismissed by

plaintiffs, and that said agreement of compromise was carried out by the parties thereto, then you are instructed that said agreement forms a sufficient consideration for the note sued on."

When one executes an obligation in renewal of a note claimed by the holder to be valid, but known to the maker to be fraudulent or without consideration, the latter will be deemed to have purged the transaction of the fraud and to have waived the want of consideration, and will not be permitted to plead it. So, a note is supported by a sufficient consideration if executed to secure the abandonment of a suit brought to enforce a doubtful right, or in compromise of a disputed claim made in good faith, though it ultimately appears that the claim was without merit. Keofe v. Vogle, 36 Iowa, 87; Babcock v. Hawkins, 23 Vt., 561; 1 Dan. on Neg. Inst., sec. 205; 1 Add. on Con., sec. 14.

There was evidence tending to show that the note sued on was executed in consideration of the abandonment and compromise of a suit brought by appellants on the $5000 note believed by them to be a just demand, and in adjustment of a controversy as to the amount thereon due. The appellants were entitled to the benefit of the foregoing propositions which were incorporated in the special instructions requested, which we think should have been granted.

Appellants contend that the verdict is unsupported by the evidence. In view of another trial of the cause, however, we abstain from comment on this question.

We deem it unnecessary to consider the remaining assignments.

The judgment should be reversed and the cause remanded.

*Reversed and remanded.*