HEIL & SCHUSTER v. HATTIE A. MARTIN ET AL.

No. 3595. Decided February 5, 1903.

1.—Mineral Lands—Reservation—Repeal.

Refusing a writ of error, for other reasons stated, the Supreme Court reserve their opinion upon the question whether the Act of April 14, 1883, in so far as it reserved the minerals in school lands, was repealed by the Act of April 1, 1887. (P. 210.)

2.—Mineral Lands—Sale as Grazing Land—Sale of Minerals.

The Act of April 14, 1883, which reserved the minerals in school land to the State, did not provide for sale of the minerals separately, but for mining claims to be worked for a royalty to the State. The Act of March 29, 1889, authorized the sale of mineral bearing lands, with the minerals, but not sale of the minerals separately, except in cases (under sec. 12 of that act) where mining claims had already been entered under the Act of 1883. Where land was sold as grazing land in December, 1887, though the minerals should be held not to have passed by the sale, there was no law in 1900 authorizing another to enter a mining claim upon it, or to buy the minerals from the State separate from the land. (Pp. 210, 211.)

Application for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

The action was by Martin and others against Schryver and others, to recover on a note and foreclose a mortgage securing it on a section of school land patented to Clifford, March 13, 1901, by virtue of his purchase of it in December, 1887, as dry grazing land belonging to the school fund, under the Act of April 1, 1887 (Gen. Laws, chap. 99, p. 83), with full payment and proof of occupancy. Heil and Schuster, who were made defendants to the foreclosure proceedings as claiming an interest in the land, alleged in their answer that the tract was mineral land and that they owned three-fourths of two mining claims located on the land in August, 1900, under chap. 100, Acts of 1889, and that the minerals were reserved from passing to Clifford and his as-

signees, under whom plaintiffs claimed, by chap. 7, sec. 4, Acts of 1883, which reserved the minerals from sale, it being known as mineral land to all the parties. Demurrers were sustained to this answer and plaintiffs had judgment with foreclosure. Heil and Schuster appealed. The judgment was affirmed by the Court of Civil Appeals (70 S. W. Rep., 430), and appellants applied for writ of error.

*Millard Patterson, C. N. Buckler* and *J. A. Buckler,* for petitioners.

*Shook & Vanderhoeven,* for appellees.

GAINES, CHIEF JUSTICE.—We are of the opinion that the application for the writ of error in this case should be refused; but we are not prepared to hold that the Act of April 14, 1883, in so far as it reserved the minerals in the school, university and asylum lands, was repealed by the Act of April 1, 1887. We do not find it necessary to determine that question. The Act of April 14, 1883, while it reserved the minerals in the lands referred to for the use of the respective funds, did not provide for a sale either of the lands themselves or of the minerals contained therein. It provided for working the mines and the payment by the miner of 5 per cent of the gross proceeds, and the matter was placed under the control of the land board. By the mining Act of March, 1889, the sale of the mineral bearing public lands including those belonging to the free school, university and asylum funds was authorized; but the sale of the minerals themselves, separate from the lands in which they were contained, was not provided for, except in the special instances mentioned in section 12 of the act. That section is as follows: "When a location has been made in land disposed of by the State since the passage of an act for disposition of minerals on the land embraced in the first section of this act, approved April 14, 1883, if such location was made subsequent to the disposition by the State of such lands, and the locator or his assignees have not abandoned said claim, but is working it in good faith, locator and his assignees shall nevertheless be entitled to the mineral and to the use of the superficial area as in other cases; and if the case is such that the fee in the land can not pass by patent, a patent may issue to all the minerals in the claims, and shall be a license from the State to enter upon and work said claim and extract the mineral therefrom. In cases provided for in this section when the fee does not pass, the price shall be twenty dollars per acre, and the locator or his assignee shall in addition pay to the owner of the land in fee the fair value of the land so taken up by his claim, and roads and fences necessary to give him ingress and egress thereto, and be liable for any damages which may result to owner of the land in fee. All other provisions of this act shall apply to said location." From this it appears that the Legislature considered that so much of the Act of April 14, 1883, as reserved the minerals in the lands had not been repealed; and that they intended to authorize a sale of the

minerals in lands which had been sold subsequent to the taking effect of that act, where after such sale and before the passage of the Act of 1889, a mining claim had been located upon the land so sold and the claim had not been abandoned. But we find no provision in that or any other act which authorized a sale of the minerals on lands previously sold, except where the mining claim had already been located at the time the act became effective. Since the land in controversy had been sold when the Act of March 29, 1889, became operative, and since the location under which applicants for the writ of error claim was not made until August, 1900, and since there was no law which authorized the sale of the minerals in lands sold under the Act of 1887, except where the mining claims had been located previous to the Act of 1889, it is apparent that T. R. Owen, under whom applicants claim, acquired no title by his location, even were the provisions of the Act of April, 1883, which reserved the minerals, unrepealed, at the time the section in controversy was purchased from the State.

The application for the writ of error is refused.