## INTERSTATE FORWARDING CO. v. Mc-CABE et al. (No. 1924.)

(Court of Civil Appeals of Texas. El Paso. May 13, 1926. Rehearing Denied June 10, 1926.)

1. **Pleading ⬩⟶11—Where facts sought to be proved have immediate application to a material issue, they may be pleaded and proved, though apparently collateral but relevant to other material facts at issue.**

While it is not best practice to plead evidence, where facts sought to be proved have immediate application to a material issue it is not objectionable to plead and prove facts, though apparently collateral but relevant to and in connection with other material facts at issue.

2. **Pleading ⬩⟶17—Petition pleading facts as to alleged misrepresentations of warehouseman that it had a fireproof warehouse held not objectionable as being argumentative.**

In suit against warehouseman for loss by fire of household goods, based on alleged fraudulent representations of defendant that it had a fireproof warehouse, petition pleading facts as to representations *held* not objectionable as being argumentative.

3. **Trial ⬩⟶85—Evidence in part inadmissible held not subject to objection going to all evidence admitted.**

In action against warehouseman for loss of goods by fire, admission of testimony of plaintiff that she had gotten prices from other storage concerns and had discussed with them question as to whether their places were fireproof, though partly inadmissible, *held* not subject to objection going to all evidence admitted.

4. **Warehousemen ⬩⟶34(6)—Evidence warehouseman used stationery indicating warehouse was fireproof held admissible on issue of representations as to fireproof warehouse.**

In action against warehouseman for loss by fire of household goods, based on defendant's alleged misrepresentation that its warehouse was fireproof, evidence that defendant at time of representations was using stationery or tags

---
⬩⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

indicating that warehouse was fireproof *held* admissible.

**5. Evidence ⊜⇒99.**

Test as to admissibility of evidence is whether it can throw light on transaction in issue, or whether it is totally irrelevant.

**6. Damages ⊜⇒174(1)—Permitting owner of used household goods destroyed by fire to prove cash value to herself and husband held not erroneous as against objection that market value was proper measure of damages.**

In action against warehouseman for loss by fire of used household goods, permitting plaintiff to prove value thereof by list showing cash value of each item to herself and husband on date of fire *held* not erroneous as against objection that market value at time and place of loss was proper measure of damages.

**7. Trial ⊜⇒219—Failure in submitting issue as to actual value of household goods destroyed by fire to explain meaning of "actual value" held not erroneous where term was used in its common meaning.**

In action against warehouseman for loss by fire of household goods, that court in submitting issue as to actual value of goods not returned did not explain or define meaning of "actual value" *held* not erroneous where term was used in its common meaning.

**8. Trial ⊜⇒215.**

General charge is properly refused where case has been submitted on special issues.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Mrs. R. F. McCabe and husband against the Interstate Forwarding Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Crane & Crane, of Dallas, for appellant.

Lawther, Pope, Leachman & Lawther, of Dallas, for appellees.

WALTHALL, J. This suit was brought by Mrs. Fred R. McCabe and husband against the Interstate Forwarding Company, a corporation, as a warehouseman to recover damages for the loss by fire of household goods, furniture, and wearing apparel.

The suit is based upon the allegations of appellees that they desired to store their goods in a fireproof warehouse, and that appellant, by means alleged, and by representations of J. H. Chiles, appellant's agent, held itself out as having a fireproof warehouse, when in truth and in fact its warehouse was not fireproof, and that said goods to the alleged value of $2,500 while stored in appellant's warehouse were destroyed by fire.

Appellant answered by general demurrer, special exceptions and general denial. The case was submitted to a jury on special issues which reflect the contentions made in the pleadings and the evidence. On the issues submitted the jury found, in substance, that

Chiles represented to Mrs. McCabe that the warehouse of appellant was fireproof; that Mrs. McCabe relied upon said representations in giving the goods over to appellant to be stored; that such representations were not true; that appellant has failed to return appellees the property delivered to it; the actual value on September 16, 1922, of the property not returned was $1,800. We might add that the evidence shows, without question, that the building in which the goods were stored was destroyed by fire. Appellees sustained damage to the goods stored by reason of the fire.

The court entered judgment for appellees against appellant for the value of the goods as found by the jury.

### Opinion.

Over objection that the facts stated in the petition and the evidence admitted were argumentative and could form no part of or basis for appellee's cause of action, the court overruled a special exception and heard evidence to that part of the petition which alleged, in substance, that appellees desired to store their property in a fireproof warehouse, and inquired of several storage concerns in the city of Dallas, Tex., as to their rates and manner and place in which the property would be stored; that appellees inquired of appellant as to its rates and the character of its building as to its being fireproof or otherwise, and was informed by Chiles, its agent, that it was fireproof; that the storage rates of appellant were higher than the rates found by appellees to exist, but that appellees, desiring to store their goods in a safe place regardless of cost, agreed to pay a higher rate than the then existing rate by reason of the warehouse of appellant being fireproof.

[1] The representations as to whether the warehouse was fireproof and appellee's desire to store their goods in a fireproof warehouse were material issues of fact. While it is not the best practice to plead the evidence, where the facts sought to be proved have immediate application to a material issue we think it not objectionable to plead and prove facts, though apparently collateral but relevant to and in connection with other material facts at issue. Moorman v. Small (Tex. Civ. App.) 220 S. W. 127; Hunter, Evans & Co. v. Lanius, 82 Tex. 677, 18 S. W. 201; Day v. Stone, 59 Tex. 613.

[2, 3] We are not prepared to say that the pleading is argumentative as claimed. The court permitted Mrs. McCabe to testify in substance, over objections, that same was irrelevant, immaterial, and self-serving, that she had gotten prices, stating them, from other storage concerns as to their rates for preparing, shipping, and storing her goods, and had discussed with them the question as to whether such place was fireproof, and that

one of them had advised her that his place was not fireproof, and that he was having trouble getting insurance. ' We think a part of the admitted testimony should not have been heard, but a part was not objectionable if we are correct in what we have said above. The objection and the proposition, however, go to all the evidence admitted. O'Brien v. Von Lienen (Tex. Civ. App.) 149 S. W. 723.

[4, 5] Mrs. McCabe was asked by her counsel the following questions:

"Have you seen any advertisements of any kind of this defendant? Will you state whether or not you have seen any advertisements of any kind of this defendant wherein they hold themselves out as having a fireproof warehouse?"

Appellant objected on the ground that same were indefinite. The objection was overruled, and the witness answered:

"I saw a letter head in the house of Mr. ——. It was a letter head I was unable to get. Recently I have seen a check or tag."

Appellant then moved to exclude the evidence relative to the letter head as being hearsay.

Other evidence to the same effect by appellant's witnesses is found in the record. Again, one of the material issues was whether or not appellant had represented to Mrs. McCabe that the warehouse was fireproof. If appellant at that very time was using stationery or tags indicating that the warehouse was fireproof, we see no good reason why such facts may not be shown. The test seems to be whether the evidence can throw light on the transaction, or whether it is totally irrelevant. Day v. Stone, supra; Hunter, Evans & Co. v. Lanius, supra; Horton v. Reynolds' Adm'rs, 8 Tex. 284.

[6] Mrs. McCabe testified that she delivered to appellant for storage certain articles of goods, including furniture and wearing apparel, and identified an itemized list thereof as correct. She further testified that the values set opposite each item were the cash values to her and her husband of the respective articles on the date of the fire. Appellee offered the list in evidence. Appellant objected to the list and to the evidence of the witness in so far as the same sought to show the value of the articles, on the ground that no predicate had been laid for such testimony, and because it had not been shown that said articles had no market value at the time and place of their loss, and that same was not the proper measure of damages. The objection was overruled. The holding of the courts in this and other jurisdictions have not been uniform on the question presented. We need not review them, but refer to the following as indicating our view: Pecos & N. T. R. Co. v. Porter (Tex. Civ. App.) 156 S. W. 267 (a writ of error refused); Wells-

Fargo Express Co. v. Williams (Tex. Civ. App.) 71 S. W. 314; G., H. & S. A. Ry. Co. v. Wallraven (Tex. Civ. App.) 160 S. W. 116; Pecos & N. T. R. Co. v. Grundy (Tex. Civ. App.) 171 S. W. 318, recognizing the rule stated on the measure of damages in L. R. A. 1917D, 495.

[7] In submitting the issue as to the actual value of the goods not returned the court did not explain or define to the jury the meaning of "actual value," nor did appellant object in writing, nor submit a charge explaining or defining the term. We think the term was used in its common meaning, and needed no explanation or definition to enable the jury to properly pass upon and render a verdict upon the question of value of the property.

[8] The case having been submitted upon special issues it was not in error to refuse to give the general charge as complained of by the sixth proposition.

We see no merit in the seventh proposition in view of the allegations in the petition and the evidence.

We have reviewed the evidence on the several subdivisions under the eighth proposition, and cannot say that the amount found by the jury is excessive. The jury and the trial court heard Mrs. McCabe and other witnesses testify. They saw the trunk and boxes in which the goods were placed and the various articles produced in court, and are better prepared to pass upon the issue of values than this court can possibly be from reading the record.

Finding no reversible error, the case is affirmed.