## ALAMO AUCTION CO. v. LAWSON et ux. (No. 8051.)

Court of Civil Appeals of Texas. San Antonio. Oct. 24, 1928.

Rehearing Denied Nov. 21, 1928.

Heilbron, Kilday & Howard, of San Antonio, for appellant.

Carlos Bee, of San Antonio, for appellees.

FLY, C. J. Appellees, man and wife, instituted this suit against appellant for the conversion of certain household and kitchen furniture to its own use and benefit, said property having been placed in the hands of appellant to be held in storage for them. The cause was tried by a jury to whom special issues were submitted. The jury found that personal property of the value of $476.05 was placed in the custody of appellant for safe-keeping and was converted by it to its own use and benefit, and judgment was rendered upon the findings. The testimony supported the verdict.

The first proposition is directed at the action of the court in permitting Annie Lawson, wife of R. W. Lawson, who died pendente lite, to testify as to the value of the different converted articles to her; it being the contention of appellant that the market value of the articles at the time of conversion was the true measure of damages. The property had been placed in the keeping of appellant several years before appellees knew that it had been converted, and of course she could not fix the time of conversion. It was not shown that the property had no market value, but that it did have a market value, as set out in the bill of exceptions. The contention of appellant is overruled. It has been decided a number of times by Texas courts that the testimony objected to is legitimate and proper. International & G. N. Ry. Co. v. Nicholson, 61 Tex. 550; Benedict v. Railway (Tex. Civ. App.) 91 S. W. 811; Pecos & N. T. R. Co. v. Porter (Tex. Civ. App.) 156 S. W. 267; Pecos & N. T. R. Co. v. Grundy (Tex. Civ. App.) 171 S. W. 318; Interstate Forwarding Co. v. McCabe (Tex. Civ. App.) 285 S. W. 920. The converted property was secondhand, and, as said by the Supreme Court in the cited case of International & G. N. Ry. Co. v. Nicholson, speaking of proof as to value of secondhand articles:

"As compensation for the actual loss is the fundamental principle upon which this measure of damages rests, it would seem that the value of such goods to their owner would furnish the proper rule upon which he should recover. Not any fanciful price that he might * * * place upon them, nor, on the other hand, the amount for which he could sell them to others, but the actual loss in money he would sustain by being deprived of articles so specially adapted to the use of himself and * * * family."

That rule has never been questioned in Texas, and not only answers the contentions of the first proposition adversely to appellant, but also condemns propositions 3, 4, 5, and 6 embodying the same contentions as the first.

The property was delivered to Miller in 1923, and as there are admissions by him tending to show the conversion of the property in July, 1924, it was not error to render judgment for 6 per cent. of the value of the property from the time it was converted. There is nothing to indicate that any fanciful value was placed on the property.

A remittitur of $18 was required by the trial court, and we think that removes the excess in the verdict.

The judgment will be affirmed.

On Motion for Rehearing.

Mrs. Lawson gave the value of the different articles of furniture which in the aggregate amounted to about $660. The jury found the property to have been of the value of $476.05, considerably less than the evidence would have justified. The jury evidently credited the testimony of Mrs. Lawson to the extent of the values found by them, and any contention that the evidence did not support the verdict is without any basis. Mrs. Lawson in most instances showed what had been paid for the articles of furniture and how long they had been used, and on these facts she based her valuation. This clearly distinguishes this case from that of Galveston, H. & S. A. R. Co. v. Giles (Tex. Civ. App.) 126 S. W. 282, which is cited by appellant as being in conflict with the opinion in this case. In that case this court held:

"What he based such estimate on he did not disclose. It may have been an arbitrary and fanciful estimate. It was certainly in his power to show the cost of that character of goods, and from this, with evidence of its use and deterioration and condition at the time, the court or jury might ascertain the reasonable value."

That decision is in entire harmony with the opinion in this case.

Mrs. Lawson swore that she had two large heaters and one oil stove, and the jury allowed pay for two heaters and one oil stove, and yet appellant states that appellees only claimed two stoves, and the jury found for three stoves. The other objections to the inclusion of articles not claimed are of a like character. As before stated, the $18 remitted covered all excess in the verdict.

The motion for rehearing is overruled.