**BURKETT**

v.

**CLUCK GRAIN CO., Inc.**

No. 6335.

Court of Civil Appeals of Texas. Amarillo.

Oct. 19, 1953.

Odell & Brann, Lubbock, for appellant.

Sanders, Scott, Saunders & Smith, Amarillo, for appellee.

NORTHCUTT, Justice.

This suit was originally brought by appellee on October 10, 1952, to recover upon a promissory note and for a foreclosure of a chattel mortgage upon a crop grown in the year 1951. This appellant filed a general denial on November 1, 1952. Appellee filed its first amended petition on March 4, 1953, upon the note in question but abandoned its action for foreclosure. At the same time of filing appellee's first amended petition it filed its motion for summary judgment. On March 23, 1953, the court granted summary judgment in favor of this appellee. In this judgment appellant (defendant in the trial court) excepted and gave notice of appeal to this court. On April 2, 1953, appellant filed a motion for a new trial and on April 20, 1953, filed his amended motion for a new trial. The trial court on April 24, 1953, granted appellant's motion for a new trial and set aside, vacated and annulled the summary judgment entered on March 23, 1953. Up to this time appellant had only filed a general denial. On May 4, 1953, appellant, with leave of the trial court being first had, filed his first amended original answer. Among other

things pleaded by the appellant, he pleaded failure of consideration for the note in question.

On May 8, 1953, the trial court granted appellee's motion for summary judgment and entered judgment for appellee for the sum of $2,016.34 to all of which appellant excepted and has perfected this appeal.

At the time of entering the original summary judgment on March 23, 1953, appellant had only filed a general denial and we are of the opinion that the court was correct in entering the summary judgment. The court thereafter set aside that judgment and granted appellant a new trial and permitted him to file his amended answer and set the matter for a new hearing. After taking this action the hearing on May 8, 1953, would be upon the motion for summary judgment and the amended answer. In this amended answer, which was sworn to, appellant claimed that appellee represented to him that appellee had paid appellant's brother for wheat that he had also paid appellant for and consequently had paid them twice for the same wheat. He further pleaded that he believed these representations and gave the note in question to appellee in settlement of the overpayment; but that later he learned appellee had not paid appellant's brother for the wheat and there was a failure of consideration for the note if neither appellant nor his brother owed the appellee anything at the time he executed the note in question.

■ A note executed in consideration of the release of a party from the performance of an act which the maker is under no legal obligation to perform and that payee has no legal right to enforce is not supported by sufficient consideration. If appellee had not paid appellant's brother for the wheat, as represented, and neither appellant nor his brother owed appellee anything, there would be no consideration for the note in question. Summary judgment should only be granted when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

■ There is no statement of facts filed in this case, and neither is there any findings of fact and conclusions of law. The case was determined solely upon the sworn pleadings of the parties. The trial court in the final judgment granted on May 8, 1953, stated: "The court having heard the matter and argument of counsel thereon, and having given the motion for a new trial, and the motion for a summary judgment further study and consideration is of the opinion that the motion for summary judgment was properly granted and that no new trial should have been granted to the defendant." Regardless of how true this may have been, and if a new trial should never have been granted, the fact remains that a new trial was granted and the original judgment was set aside, vacated and annulled, and a new hearing upon the pleadings as they existed on May 8, 1953, was had. The order granting the new trial was never set aside and the statement in the judgment dated May 8, 1953, merely states that the court should never have granted the new trial and then proceeded to grant judgment as of May 8, 1953. We are of the opinion that the trial court was bound to consider the motion for summary judgment and the amended answer of the appellant as they existed on May 8, 1953. The Supreme Court in the case of Gulbenkian v. Penn, 252 S.W.2d 929, at pages 931–932, stated:

"Rule 166–A, Rules of Civil Procedure, provides for summary judgment '(c) * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, *show that,* except as to the amount of damages, *there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'* (Emphasis added.)

"We adopted this rule from Federal Rules of Civil Procedure rule 56, 28 U.S.C.A., and that rule has been construed as allowing summary judgments only when there is no disputed fact issue. The duty of the court hearing

the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits. King v. Rubinsky, Tex.Civ.App.1951, 241 S.W.2d 220(1), no writ history; Haley v. Nickels, Tex.Civ.App.1950, 235 S.W.2d 683, 685(5), no writ history. As said in the case of Kaufman v. Blackman, Tex.Civ.App., 239 S.W.2d 422, 428, writ refused, N.R.E., 'The underlying purpose of Rule 166–A was elimination of patently unmeritorious claims or untenable defenses; not being intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact.' The burden of proving that there is no genuine issue of any material fact is upon the movant, and 'All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment.' De La Garza v. Ryals, Tex.Civ.App.1951, 239 S.W.2d 854(4), 856, writ ref. N.R.E.; Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167, 168; McDonald, Texas Civil Practice, Vol. 4, Sec. 17.26(I), p. 1380, and authorities there cited. Id. p. 1392 (VI); 2 Baylor Law Rev. 330.

" 'In determining a motion thus depending upon extrinsic evidence, the court's task is analogous to that which he performs on a motion for directed verdict. He accepts as true all evidence of the party opposing the motion which tends to support such party's contention, and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position.' McDonald, Texas Civil Practice Vol. 4, Sec. 17.26, p. 1394, and authorities there cited; 41 Am.Jur., Pleading, Sec. 173, p. 415; Id. Sec. 342, p. 525; 30 Tex.Law Rev. 302; 2 Baylor Law Rev. 328; 18 Tex.Bar Journal, Robt. W. Stayton, 'Notes on Summary Judgment', September 1950, p. 474.

"The general rule is that if a motion involves the credibility of affiants or deponents, or the weight of the showings or, it is said, a mere ground of inference, the motion will not be granted. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Sarnoff v. Ciaglia, supra; Fogelson v. American Woolen Co., 2 Cir., 170 F.2d 660; Fireman's Mutual Ins. Co. v. Aponaug Mfg. Co., 5 Cir., 149 F.2d 359; Arnstein v. Porter, 2 Cir., 154 F.2d 464; Boro Hall Corp. v. General Motors Corp., 2 Cir., 164 F.2d 770; Pierce v. Ford Motor Co., 4 Cir., 1951, 190 F.2d 910."

We are of the opinion that the sworn amended answer of the appellant presents a genuine issue of a material fact and that the appellee was not entitled to a summary judgment as granted on May 8, 1953.

The judgment of the trial court is reversed and the cause is remanded to that court.