Andrew WEAVER, Appellant,

v.

A. T. FARR, Jr., Appellee.

No. 7053.

Court of Civil Appeals of Texas.

Texarkana.

May 27, 1958.

Rehearing Denied June 17, 1958.

Bowyer, Thomas, Crozier & Harris, H. T. Bowyer, William W. Sweet, Jr., Dallas, for appellant.

Johnson & Mackay, Rudolph Johnson, John A. Rawlins, Dallas, for appellee.

CHADICK, Chief Justice.

Appellee as plaintiff in the trial court recovered a judgment for $2,580, interest and costs against appellant, Andrew Weaver. The judgment of the trial court is reversed and judgment rendered that appellee, A. T. Farr, Jr., take nothing by his suit.

Appellee Farr's original petition alleged that he, Farr, "sold" Weaver certain oil, gas and mineral leases on lands in Miller County, Arkansas, for $5,000 which defendant agreed to pay, and that pursuant to such agreement to pay, defendant issued him two checks; the first in the sum of $3,000, and the second in the sum of $2,000. That these checks were in due course presented and payment refused by the bank upon which they were drawn. Farr further alleged that he had done all things required of him in connection with the transaction but that Weaver failed and refused to pay the checks

or the debt they represented. Then by supplemental petition he elaborated upon these basic allegations and attached an instrument which he alleged set out the agreement in writing which was the basis of the debt sued upon. The written agreement reads as follows:

"Owner's Exchange Realty Co.
"531–32 State National Bank Building
"Texarkana, Ark.—Texas
"July 18, 1952
"A. T. Farr, Jr.
"531 State Nat's Bk. Bldg.
"Texarkana, Arkansas
"Dear Mr. Farr,

"This is in compliance to our verbal agreement between you and myself concerning the following described leases:
 "125 acre Crank Lease
 "80 acre Dorsey Lease
 "30 acre interest in S. S. Crank leases and all of Vonie Haile's leases interest in the Artex Block encluding a new lease on Vonie Haile's mineral interest in this Block.

"1. I agree to pay to you the sum of five thousand dollars (5,000) for the above described leases. Payment to be made as follows: That within sixty days (60) from date I agree to pay the sum of three thousand dollars (3,000) and the balance of two thousand dollars (2,000) within ninety days (90) from date. The leases are to be held in escrow by you but are to be delivered to me at any time that I wish to sell said leases at a price that is a much or more than sume of five thousand dollars (5,-000). It is also agreed that you are to receive one quarter (¼) of any profit of cash or any overriding royalty or interest that I may retain after I have received the sum of five thousand dollars (5,000) back.

"We both agree by signing acceptance to this agreement that the Artex Block of acreage shall go at one unit

for a deal of not less than ten dollars (10) per acre, cash and a one sixteenth of overriding royalty, unless both you and I agrees to a smaller consideration.

"I, the undersigned, will have the right to sell the Crank Leases, and the Dorsey lease at any time as long as the price received for same takes care in propation to your debt.

"You will please sign a copy of this letter signifying your acceptance of terms hereof.
 "/s/ A. T. Farr, Jr.
 _____
 "A. T. Farr, Jr.
 "/s/ Andrew Weaver
 _____
 "Andrew Weaver"

Appellant Weaver answered Farr's petition with numerous special exceptions, a general denial and two affirmative defenses, the first that there was a failure of consideration for the checks; the second, that the contract upon which the checks were based is unenforceable, because it violates the provisions of the statute of frauds in failing to describe with particularity the lands covered by the leases, etc. The appellant, Weaver, failed to sustain his defense in the trial court and has brought forward seven points of error. The first and second points are decisive and a discussion of the remainder will be omitted. The first point relates to the trial court's error in rendering judgment for the appellee because the contract between the parties violates the statute of frauds and is therefore unenforceable. The second point is that the trial court erred in rendering judgment for the appellee because there was a failure of consideration for the two checks because the contract upon which they were based was unenforceable under the statute of frauds.

 The contract heretofore set out, which is the basis for this action, shows on its face that it does not meet the requirements of Article 3995, Vernon's Texas Civ. St. Examination of the written agreement

shows that the instrument does not fix the location of the land under lease. And if resort be made to its heading, as is permissible under some authority, the language there leaves the inference that the land is in either or both Texas and Arkansas. In addition, the instrument does not attempt to describe the land by reference to ownerships by which the land is known, or otherwise furnish any reference to an existing writing or other data by which means the land may be identified. For these deficiencies the instrument is void and places Farr in no better standing than if the agreement was oral. Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703; Francis v. Thomas, 129 Tex. 579, 106 S.W.2d 257; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150; Greer v. Greer, 144 Tex. 528, 191 S.W.2d 848; Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222.

■ Numerous cases beginning with Weatherley v. Choate, 21 Tex. 272, and including Rodgers v. Daily, 46 Tex. 578, 579, Burkett v. Chuck Grain Co., Tex.Civ.App., 266 S.W.2d 425, and Free v. Smith, Tex. Civ.App., 80 S.W.2d 419, have held that an unenforceable contract to convey land is no consideration for a note. In this case Farr cannot recover on the original debt or upon the checks Weaver gave in discharge of it.

■ The appellee by his brief seeks to avoid necessity for compliance with the statute of frauds by arguing, though he did not plead it and the court's findings of fact and conclusions of law did not support his contention, that the entire transaction between him and Weaver was a joint adventure and that the mineral leases containing a sufficient description were before them at the time the contract was written and the terms of the leases were equally well known to both parties; and finally, that the leases were placed in escrow to be delivered upon satisfaction of the conditions set out in the written contract.

The case of Alworth v. Ellison, 27 S.W.2d 639, wr. ref., opinion by Hickman, then Chief Justice of the Eastland Court of Civil Appeals, while not altogether in point as that case was in the form of a trespass to try title action and damages for breach of contract and, in the alternative, upon quantum meruit, seems on the whole to have considered the same questions presented in this case and the contentions made in appellee's brief are somewhat the same arguments that were made by the appellee in that case. One of the similarities in the case arises in the contention that the leases involved and contracted to be conveyed were held in escrow and that such circumstance takes the agreement out of the statute of frauds.

The court held in the Alworth case that the contract was within the statute, and that an agreement violative of the statute of frauds cannot be enforced by specific performance or damages recovered for breach thereof, and cites numerous cases supporting that holding.

The appellant's points of error and the appellee's counter-points have been carefully considered and the argument and authorities cited examined and weighed. It is the conclusion of the Court that all of the appellant's points of error must be sustained and the judgment of the trial court reversed, and judgment here rendered that appellee take nothing by his suit and it is so ordered.

Reversed and rendered.