## GEORGE W. KNOTTS *et al.*

*v.*

## CHARLES H. PREBLE.

1. CONSIDERATION—*what constitutes.* It is no doubt true, that a promise made to settle a doubtful right, or to get rid of a probable liability, is binding, and made upon a good and valuable consideration, and it is no defense for the promissor to say he was mistaken in regard to his liability.

2. But where a person's building takes fire by accident, and the fire extends to the building of another, and it is destroyed, there is no legal or moral obligation on the part of the former to make good the loss of the latter, and a note given by the owner on whose premises the fire originated, to the other party, on the false representation of the latter that he could prove the maker was the cause of the fire, and thereby induced him to believe he was in some way liable, is without consideration, and a suit thereon by the payee may be defeated on that ground.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

The opinion states the case.

Messrs. TIPTON, BENJAMIN & ROWELL, for the appellants.

Messrs. WILLIAMS & BURR, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the McLean Circuit Court, by George W. Knotts and Matthew A. Steers, late partners, against Charles H. Preble, on a promissory note, and verdict and judgment for the defendant.

The defense was, no consideration. The cause was tried by a jury, and much testimony heard.

It appears that Preble had an insurance on a stock of goods in a store room in Lexington, which was totally destroyed by

fire, which extended to the store of the plaintiffs, who lost several thousand dollars by the accident.

The plaintiffs, by Knotts, persuaded the defendant that he was under some sort of obligation to bear a part of their loss, stating that the fire was occasioned by a defective flue in the defendant's building, and that he could prove it, and that he could prove things about the fire that defendant little thought of. After some conversation and negotiation, the defendant gave the note in suit, under the belief that plaintiffs had some kind of a claim on him, and under the influence of representations made to him by Knotts that he could prove the fire took place from defendant's stove pipe, and that he had been notified to fix the pipe and flue, and that he had paid no attention to the notice.

Knotts, in his examination, stated that when he went to see Preble, he told him he had investigated the matter, and that he, Preble, was the cause of the fire.

It was under these circumstances the note was given, and as not the slightest evidence was given to connect Preble with the fire, as occasioned by him, there was no legal or moral obligation upon him to make good any of the losses of Knotts & Steers. The note was evidently given on the supposition, awakened by the artfulness of Knotts, that Preble was liable. Knotts had not investigated the matter, and had no ground for the pretense.

It is no doubt true, that a promise made to settle a doubtful right, or to get rid of a probable liability, is binding, and made upon a good and valuable consideration, and it is no defense for the promissor to say he was mistaken in regard to his liability. But this is not such a case. The note was obtained solely by force of these false representations made by Knotts that he could prove Preble was the cause of the fire. Knotts failed to prove any such thing. The facts in connection with the case were fairly left to the jury, and they have said, there was no ground whatever on which to base the plaintiffs' claim.

This destroys the idea of good faith on plaintiffs' part in making the claim.

As to the instructions, nine were asked for by the plaintiffs, the first three of which were given and the others refused. The three instructions given by the court embraced the law of the case, and were all to which the plaintiffs were entitled, under the evidence. Those refused, are, for the most part, but mere repetitions of the principles contained in those given, and given or refused, could not affect the case one way or the other.

No objections are made here to the defendant's instruction.

On a careful review of the testimony and arguments submitted, we are satisfied there was no consideration for the note, and that the jury have done full justice, and as we perceive no error in the record the judgment must be affirmed.

*Judgment affirmed.*