## CITIZENS' GARAGE CO. v. WILSON.
### (No. 6961.)

(Court of Civil Appeals of Texas. San Antonio. May 16, 1923.)

**1. Appeal and error ⬠692(3)—Bill of exceptions failing to set out evidence objected to held insufficient to support assignment of error.**

In an action by a garage owner against the owner of an automobile, on a note given for repairing the automobile, a bill of exceptions, objecting to evidence and describing it as all the testimony of a certain witness to all facts and circumstances leading up to the delivery of the car to the garage for repair, and testimony as to the authority of the garage to make repairs on the car, and the testimony of another witness to the same facts, failed to segregate and set out the testimony sought to be excluded, and was insufficient to support an assignment of error.

**2. Appeal and error ⬠692(1), 728(2)—Bill complaining of exclusion of testimony and failing to set out what witness would have testified and objections thereto held not to sustain assignment of error.**

Where a bill of exceptions complained of the exclusion of evidence, but the proffered testimony was set out in neither the bill of exceptions nor the assignment of error, nor was it shown what the rejected witness would have sworn to had he been permitted to testify, and the objections upon which the testimony was excluded were not disclosed, the assignment of error could not be considered.

**3. Trial ⬠296(7)—Charge setting out defenses to note in detail, and charging that burden of proof was on plaintiff to establish his case by a preponderance of testimony, held error.**

In an action by a garage owner against an automobile, a note given for repairing an automobile, defended on the ground of failure of consideration because the car as repaired was represented by plaintiff to be in A1 condition, when in fact it was not, a special charge setting out defendant's defense in detail, and submitting defendant's contentions going to make up the defense of failure of consideration and concluding with the statement that the burden of proof was on plaintiff to establish his case by a preponderance of testimony and failing to submit the question of execution and delivery, was affirmative error, regardless of an isolated clause therein requiring the jury to find from a preponderance of evidence that plaintiff had not put the car in A1 or first-class condition in order to find for plaintiff.

**4. Trial ⬠234(7)—Proper instructions on burden of proof stated.**

Ordinarily in a suit on a note, the burden is on plaintiff to establish his case, and when he has introduced the note he has made a prima facie case, and met the burden of proof, which shifts to defendant, and the proper practice is to instruct that the burden is on plaintiff to show the execution and delivery of the instru-

ment and upon defendant to establish his defenses, or ordinarily the cause may be submitted as a whole, and the burden placed, generally, upon plaintiff to prove his case.

**5. Trial ⬠255(3)—Failure to instruct on burden of proof of defensive matter must be met by request for an instruction.**

Where the court does not instruct that the burden of proving defensive matter is on defendant, the omission is not affirmative error, in absence of request for such instruction by plaintiff.

**6. Appeal and error ⬠253, 719(4)—Failure to except or assign error to lack of verification of plea of failure of consideration held to waive right to have plea verified.**

Under Rev. St. art. 1906, subd. 10, a plea of failure of consideration as a defense to a promissory note should be verified by oath, but where the party seeking to recover on a note did not except to the failure to verify the plea and made no objection in the trial court or on appeal, he waived his right to object to the failure to verify the plea.

**7. Bills and notes ⬠94(2)—Note executed in compromise of disputed claim made in good faith is secured by a sufficient consideration.**

A note is secured by a sufficient consideration, if executed in compromise of a disputed claim made in good faith, even though it ultimately develops that the claim was without merit.

**8. Principal and agent ⬠175(1)—Authority of agent as to ordering repairs for car not material, after his acts were ratified.**

As respects liability of automobile owner to garage owner on a note given for repairing a car, the authority of an agent through whom the car was turned over for repairs, and instructions given by the agent as to what repairs should be made on the car, were not material, where the acts of the agent were subsequently ratified and the work done was acquiesced in by the owner of the car when he made a settlement.

**9. Livery stable and garage keepers ⬠6—What plaintiff is entitled to prove on plea of failure of consideration stated; bailee entitled to credit for work and materials.**

In an action by a garage owner on a note given for repairing an automobile, defended on the ground of failure of consideration because not repaired as represented, plaintiff should be permitted to prove the particular work done, and labor performed upon the car, the prices charged therefor, and if any materials were so furnished or work was done there was no total failure of consideration, and plaintiff is entitled to full credit therefor.

Appeal from Victoria County Court; I. D. Fowler, Judge.

Action by the Citizens' Garage Company against W. T. Wilson. From judgment for defendant, plaintiff appeals. Reversed and remanded.

---

⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

C. C. Carsner, of Victoria, for appellant.

Fly & Ragsdale, of Victoria, for appellee.

SMITH, J. In August, 1920, appellee Wilson left his Dodge automobile in appellant's repair shop for repairs. The work alleged to have been done on the car by appellant was completed in November, 1920. The original amount of the garage company's bill for repairs done and labor performed on the car was not shown, but is alleged to have "largely" exceeded $476.00! (Exclamation point ours.) Wilson could not pay the bill, however, and the car remained in appellant's shop for a further period of 13 months, or until December 21, 1921, when Wilson again called for his car. The parties had a controversy about the amount of the bill, Wilson contending that it was excessive! The controversy was settled, however, by the parties agreeing upon the sum of $476.56, of which amount Wilson paid $100 cash, giving his notes for the balance, one note being for $50, and another for $326.56, to be paid in monthly installments of $20 each. He also gave a chattel mortgage on the car to secure the payment of the last-mentioned note; the $50 note being inadvertently omitted from the mortgage. Wilson defaulted in the payment of the first three installments, and the garage company brought this action to recover on the larger note, and to foreclose the mortgage on the automobile. A jury trial resulted in a verdict and judgment for the defendant, Wilson, and the garage company has appealed.

While admitting that he had left his car with appellant for "minor repairs," and also admitting the execution and delivery of the note and mortgage, appellee, Wilson, sought to wholly defeat the suit upon the ground that he had executed the note upon the representation of appellant that the car, when repaired and delivered to him by appellant was in "A1" and "first-class" condition, and as good as it was when it left the factory, except in external appearance; that as a matter of fact the car was in no better condition at that time than it was when he left it with appellant to be repaired, although he was not aware of the fact, and could not possibly ascertain the fact, until after he had received it from appellant and executed the note. By reason of these facts, which were set out in great detail, appellee pleaded total failure of consideration.

[1] Appellee objects to the consideration of appellant's first assignment of error, and this objection must be sustained. In this assignment complaint is made of the admission of evidence "as to how the defendant's car was brought to plaintiff's garage, or placed in plaintiff's charge for repair." In the bill of exceptions upon which this assignment is predicated, the objectionable evidence is described as—

"All testimony of the witness W. T. Wilson to all facts and circumstances leading up to the delivery of the Dodge car to the Citizens' Garage for repair, and all testimony of the same witness, as to the authority of the said Citizens' Garage Company to make the repairs upon said car and create the account out of which, or for which, the note sued upon was given. Also the testimony of the witness, Mrs. L. A. Weatherly, concerning the same facts."

As will be seen, none of the evidence objected to is set out in the bill, as required by district court rule 59 (142 S. W. xxi). The office of a bill of exceptions is to segregate the objectionable testimony from that to which the party at the time offers no objections, so that the reviewing court may have before it the concrete question raised by the transaction. It may be that appellant's objections in the court below embraced testimony that was clearly admissible as against the objections and that for this very reason the court overruled the objections. The purpose of the bill is to segregate and set out the very testimony sought to be excluded, and if it omits to do this it cannot support an assignment of error.

[2] For similar reasons we are obliged to sustain appellee's objections to appellant's third assignment of error, in which complaint is made of the exclusion of evidence offered by appellant. In neither the assignment nor bill of exceptions presented in support thereof is the proffered testimony set out, nor is it shown what the rejected witness would have sworn to had he been permitted to testify. Moreover, the bill does not disclose the objections upon which the testimony was excluded. It may be that the specific objections urged by appellee to the admission of this testimony were well taken, or they may have been without merit; if well taken, the testimony was properly rejected, but if without merit the testimony should have been admitted. So the admissibility of the testimony over the objections made cannot be determined in the absence of those objections. The assignment cannot be considered.

[3] In its second assignment of error appellant complains of the action of the court in instructing the jury that "the burden of proof is on the plaintiff to establish his case by a preponderance of the testimony." The court submitted the cause to the jury in the form of a general charge, which consisted of two separate and entirely separated special charges requested by appellee. In one of these charges the jury were given the simple instruction that if the parties agreed on a settlement, and as a consequence the defendant executed and delivered the note in controversy, then the plaintiff was entitled to recover, "unless you further find that the consideration for which said note was given has failed." In the other special charge,

which constituted the main, or general charge in the case, the question of the execution or delivery of the note was not mentioned, but the court set out defendant's defense in perhaps objectionable detail, and submitted the several contentions of defendant going to make up the defense of failure of consideration. This charge concluded with the instruction here complained of that "the burden of proof was upon the plaintiff to establish his case by a preponderance of the testimony."

[4, 5] Ordinarily, even in a suit upon a promissory note, the burden of proof is upon the plaintiff to establish his case. It is true that when he has introduced the note he has made a prima facie case, and met the burden of proof, which then shifts to the defendant; but the burden remains upon him, nevertheless, until he puts the instrument in evidence. The proper practice is to submit the cause in its two branches, instructing the jury that the burden is upon the plaintiff to show the execution and delivery of the instrument, and upon the defendant to establish his defenses. Or, ordinarily, the cause may be submitted as a whole, and the burden placed, generally, upon the plaintiff to prove his case. If, in such event, the court does not go further and instruct that the burden of proving defensive matters is upon the defendant, the omission is not affirmative error, and it then becomes the duty of the plaintiff to request such instruction. If he fails to make such request, he cannot thereafter complain of the omission; whereas, if he makes the request, and the court refuses it, the refusal becomes affirmative error.

But the record here does not present the ordinary case, for the court did not discuss in the main charge, or submit to the jury, the question of the execution and delivery of the instruments sued on; this charge was devoted exclusively to a statement and submission in detail of the ultimate question of failure of consideration urged as a defense by the defendant, upon whom, as to that issue, the burden of proof rested. Since the charge assumed this form, omitting all references to plaintiff's case and relating to only defensive matters, we are of the opinion that the specific instruction that the burden was upon plaintiff to prove his case by a preponderance of the testimony was affirmative error. The jury could and must have applied the instruction to the purely defensive matters, since those matters alone were submitted to them in that charge for consideration. It is pointed out by appellee that in one isolated clause of this charge the jury were required to find "from the preponderance of the evidence that plaintiff had not put said car in A1 or first-class condition," in order to find for plaintiff, and appellee urges that this isolated instruction obviated the objection to the general instruction on the burden of proof. We think, however, that this instruction could not be given that effect; if anything, it emphasized the inference that as to all the other questions raised by the defense the burden was upon the plaintiff.

The judgment must be reversed in deference to appellant's second assignment of error, and, this being the only assignment that may be considered, it is doubtful if it is entirely appropriate to here discuss the merits of the cause. In view of the reversal, however, we will make these suggestions:

[6] First. When failure of consideration is pleaded as a defense to a promissory note, such plea should be verified under oath, which has not been done in this cause. Article 1906, subd. 10, R. S. This requirement, however, is for the benefit of the party seeking to recover upon the note, and may be by him waived. Appellant did not except to the failure of appellee to verify his plea, and made no objection thereto in the court below, nor has he made any here. This course amounted to a waiver by appellant. Williams v. Bailes, 9 Tex. 61; Nasworthy v. Draper (Tex. Civ. App.) 28 S. W. 564.

[7] Second. A note is secured by a sufficient consideration if executed in compromise of a disputed claim made in good faith, even though it ultimately develops that the claim was without merit. Hunter v. Lanius, 82 Tex. 677, 18 S. W. 201.

[8] Third. The authority of the agent through whom appellee turned his car over to appellant for repairs, and the instructions given by said agent to appellant as to what repairs should be made upon the car, are not material to this cause, since the acts of the agent were subsequently ratified, and the work done on the car acquiesced in, by appellant, when he made the settlement 13 months after the work was completed.

[9] Fourth. If upon another trial appellee's defense of failure of consideration becomes material, then appellant should be permitted to prove, in a proper way, and by competent testimony, the particular work done, and labor performed, upon the car, and the prices charged therefor, and if any materials were so furnished or work was done, there was no total failure of consideration, and appellant is entitled to full credit therefor.

The judgment is reversed, and the cause remanded.