## WALKER–SMITH CO. v. POUNS.
### (No. 6624.)

(Court of Civil Appeals of Texas. Austin. Oct. 10, 1923.)

**1. Bills and notes ⬦94(2)—Note in settlement of doubtful claim held supported by consideration.**

A note in settlement of a doubtful or disputed claim is supported by sufficient consideration.

**2. Bills and notes ⬦520—Finding that company in good faith induced its salesman to execute note covering loss of stolen car of the company held supported by the evidence.**

A salesman after hours and against the rules drove his company's car to a nearby town, parking it outside a hotel while he went inside to work up trade for his company. The car was stolen. After some dispute over liability, the salesman signed a demand note in favor of the company. *Held*, in an action on the note, that the evidence supported a finding that the company acted in good faith.

**3. Bills and notes ⬦94(2)—Consideration for salesman's note to cover stolen company car was settlement of doubtful claim not forbearance to sue.**

Where a salesman from whom his employer's car was stolen disputed his liability for loss in the course of employment, and finally executed a demand note after being threatened with suit, the consideration was the settlement of a doubtful claim, and not a forbearance to sue; time being of no consequence.

**4. Bills and notes ⬦98 — Salesman signing note after theft of company car waived defense of no consideration because of employment and lack of negligence.**

Where a salesman, from whom a car belonging to his company was stolen, after a dispute voluntarily signed a demand note to the company to cover the loss, he thereby admitted his liability and waived defenses that the car was lost in the course of employment and without negligence, and therefore that the note lacked consideration, in the absence of mistake, duress, fraud, or misrepresentation on the company's part.

**5. Bills and notes ⬦94(2) — Demand note without grace, not executed in agreement of forbearance to sue, held supported by consideration.**

A demand note without grace, not executed in agreement of forbearance to sue, was nevertheless supported by sufficient consideration, where executed in settlement of a disputed claim.

Appeal from District Court, Brown County; J. P. Woodward, Judge.

Action by the Walker-Smith Company against S. W. Pouns. Judgment for defendant. From an order denying a new trial, plaintiff appeals. Reversed and rendered.

Scott & Davis, of Brownwood, for appellant.

Wilkinson & McGaugh, of Brownwood, for appellee.

### Statement.

BLAIR, J. This is an appeal from an adverse judgment in a suit by appellant against appellee, upon a promissory note, executed by appellee, for the sum of $532, dated November 17, 1920, due on demand, and payable to the order of appellant. Appellee answered the suit by formal pleas and by special pleas that the note was given in settlement for the loss of an automobile belonging to appellant, and stolen while in appellee's possession, without fault or negligence on his part, therefore without a consideration; that he was ignorant of his legal rights in the premises at the date of the execution of the note; and that it was signed upon repeated representations of appellant and its agents that he was liable for the loss of the car, and on account of appellant's threat to sue appellee upon such claim.

To these special answers appellant specially excepted, on the ground that appellee was precluded in making such defenses, in that he waived them when he executed the note in question; and specially answered that appellee was liable for the value of the car, because he had the same out for his own personal convenience on the night it was stolen, in violation of appellant's instructions and rules governing employees in the use of cars furnished them in which to transact its business. The special exceptions were

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

overruled by the court, to which ruling exception was taken, and the cause proceeded to trial before a jury.

Both parties filed motions for a judgment based upon the verdict of the jury, and the court granted appellee's motion and overruled appellants. From an order overruling appellant's motion for a new trial, this appeal is perfected.

### Findings of Fact.

Appellee was employed by appellant, a wholesale grocery corporation, as a salesman for the city of Ranger, Tex., and little towns adjacent thereto, and had been so employed for some months previous to November 7, 1920, and had been in the employ of appellant for some two years preceding said date above mentioned. Appellant furnished appellee a Ford roadster, which was used in traveling to solicit orders for appellant's business. Also a boarding house was furnished, in which appellee resided; and adjacent thereto was a garage, in which to keep the automobile at night, when not in actual use.

On the night of November 7, 1920, between 7:30 and 8 o'clock p. m., appellee drove the car furnished him to the Bernardo Hotel, at Ranger, for the purpose of talking to a party who ran a cigar stand in the lobby thereof, with the view of "warming up to him," or getting in line to sell him cigars, an article of merchandise carried and sold by his employer, as well as to increase the number of his business friends, in a business way, whom he might meet in the lobby of the hotel. He parked the car at the curb by the main entrance of the hotel, and upon returning some 15 or 20 minutes later, he found that it had been stolen; and that it was never recovered.

Appellant insisted that appellee was liable for the value of the car, because he had the same out after office hours, in violation of written instructions posted about the premises of appellant. Appellee insisted that he was engaged at the time in the furtherance of appellant's business, and that he had never seen such notice, nor heard of the same. Appellant threatened to sue appellee for the value of the car unless he executed the note sued upon, and represented that, in all probability, it would recover a judgment against him. The dispute continued some 10 days—appellant contending that appellee was liable for the value of the car, while appellee denied such liability—until the 17th day of November, 1920, appellee signed the note, because he feared he would be sued upon the claim of appellant for the value of the car. The note sued upon is as follows:

"$532.00.     Brownwood, Tex., Nov. 17, 1920.

"On demand 191—waiving grace, I, we or either of us, jointly and severally, promise to pay to the order of Walker Smith Company, five hundred thirty-two and no/100 dollars at their office in Brownwood, Texas, for value received, with interest at the rate of 8 per cent. per annum, from date until paid, and ten per cent. additional as attorney's fees if placed with an attorney for collection, or in case of legal proceedings hereon, or in the event of voluntary or involuntary bankruptcy, said ten per cent. being intended to cover the expense of collecting.

"The time of the payment of this note may be extended from time to time without notice to or the consent of the sureties, and such extension shall not release or in anywise impair the liability of the sureties hereon.

"S. W. Pouns."

The jury found the following facts, in answer to special issues submitted by the court:

"Question No. 1: Was the defendant, S. W. Pouns, at the time the car was stolen, then in the discharge of his employment with Walker-Smith Company?" Answer: "Yes."

"Question No. 2: Did the defendant, S. W. Pouns, execute the note in question because he did not want to be sued?" Answer: "Yes."

"Question No. 3: Did the defendant, S. W. Pouns, believe at the time he executed the note in question that he was liable to the plaintiff, Walker-Smith Company, for the value of the car?" Answer: "No."

"Question No. 4: Did the plaintiff, Walker-Smith Company, believe, in good faith, that the defendant, S. W. Pouns, was liable to them for the value of said car at the time it was stolen?" Answer: "Yes."

"Question No. 5: Was the automobile mentioned in this case lost by reason of any want of proper care on the part of the defendant, S. W. Pouns?" Answer: "No."

"Question No. 6: Would defendant, S. W. Pouns, have executed the note sued on but for the threats of Walker-Smith Company to sue him if he did not?" Answer: "No."

### Opinion.

The appellant's brief presents several assignments of error, all of which in reality present only one question for our determination, and that question is: Does the demand note without grace, executed in settlement of the disputed claim in good faith between the parties, for the value of the stolen automobile, bear a sufficient consideration?

If the question should be answered in the affirmative, then the note is a valid and binding obligation upon appellee, and he would be precluded from asserting the defenses relied upon in this case; and therefore the judgment must be reversed and rendered for appellant, upon the answer of the jury that it (appellant) believed in good faith that appellee was responsible for the value of the car at the time of the execution of the note herein sued upon.

On the other hand, should the question be answered in the negative, that is, that the note is without consideration, the judgment must be affirmed, upon the answer of the jury that appellee was guilty of no negli-

gence for any want of proper care on his part in the loss of the automobile for which the note was executed in payment.

[1] We are of the opinion that the question should be answered in the affirmative. It is the universal holding of courts that the execution of a note in settlement of a doubtful or disputed claim is supported by a sufficient consideration. Ruling Case Law, vol. 3, page 941, par. 137, lays down the following proposition, which is supported by many authorities there cited:

"Compromise of Demand; Release.—It is undoubted that a note given to compromise, settle or procure a release from a disputed claim, the validity of which is doubtful, rests upon a good and sufficient consideration, even though ultimately it appears that the claim was wholly unfounded, and although the claimant may have had no intention of resorting to an action to enforce it. Compromise implies mutual concession; giving a note to settle a dispute or controversy imposes no liability upon the maker if he gains nothing, and the payee loses nothing, by the settlement. And, hence, a claim absolutely without any foundation, either in law or in equity in respect of which none of the facts upon which it is supposed to rest are unknown, affords no consideration to support a compromise, and an instrument to compromise and settle it is a nullity binding on no one. But the binding quality of a compromise of a disputed claim does not rest upon the validity of the claim in fact, but upon the belief, in good faith, of the claimant in its validity. A claim may be unenforceable by legal proceedings and yet rest upon such a foundation as to make the claimant honestly believe in his right to recover and to make it a subject of honest dispute between the parties, so as to afford a sufficient consideration for an agreement to compromise and settle it. But a compromise and settlement of a claim which the claimant does not believe to afford him a right of action, and knows to be unfounded, is not binding. The belief of the promisor in the validity of the claim has no such effect, however; for if one party to a dispute knows that the other is asserting a claim against him without right, and yet prefers to settle such claim rather than litigate, and does so understandingly, freely, and upon equal terms with his opponent, the settlement made will be upheld in the courts."

Corpus Juris, vol. 8, p. 235, par. 370, after an extended research of many authorities there cited, states the following proposition of law, in support of this opinion:

"Compromise of Doubtful or Disputed Claim. —Doubtful or disputed claims may be compromised and may furnish a sufficient consideration for a bill or a note, provided the maker had knowledge of the facts. Such paper will be good, although the claim itself might have proved to be bad, or although it was a moral and not a legal obligation, was supported merely by a verbal agreement ineffectual under the statute of frauds, or was founded on a usurious contract."

The appellant cites numerous Texas cases, in which the principle above announced has been declared to be the law. In the case of Adams v. Overland Automobile Co. (Tex. Civ. App.) 202 S. W. 207, it is held that where a party gave his note for an automobile represented to be new, and later discovered that it was not, but gave his renewal note, in part payment, after discovering the misrepresentation, he is prevented in his plea of failure of consideration, in an action on the note.

In the case of Baker v. Heney (Tex. Civ. App.) 166 S. W. 19, it is held that where the parties claiming a tract of land entered into a compromise agreement whereby it was agreed to sell the disputed tract and divide the proceeds, a party was entitled to recover under the agreement, though it was later shown that he, in fact, had no valid claim to the land.

In the case of Cameron v. Thurmond, 56 Tex. 22, it is held that the compromise of the doubtful right is sufficient foundation for an agreement, and such compromise will not be set aside though it should afterwards appear that the party taking something under the contract was really entitled to nothing, provided the compromise was in good faith, and without concealment, fraud, or misrepresentation. This authority cites from Leading Cases in Equity, p. 1675, as follows:

"An agreement entered into upon a supposition of right or of a doubtful right, though it often comes out that the right was on the other side, shall be binding, and the right shall not prevail against the agreement of the parties, for the right must always be on one side or the other, and therefore the compromise of a doubtful right is a sufficient foundation of an agreement. * * * It is clear that when parties enter into a compromise or family arrangement in order to avoid litigation the question as to whether one of the parties is entitled to certain property or not, such compromise will not be set aside, although it should eventually turn out that the party taking something under the compromise was in reality legally entitled to nothing."

In the case of Bedford v. Simono (Tex. Civ. App.) 79 S. W. 97, it is held that a lodge making an agreement with its clerk, who was charged with having appropriated some of the lodge's funds, to accept $150 in settlement of the claim, payable $10 monthly, was precluded from repudiating this obligation, although it was later shown that the clerk owed a much larger sum, it having had the benefit of two committee reports theretofore, one showing that he owed $161 and the other $520.

In the case of Hunter v. Lanius, 82 Tex. 677, 18 S. W. 201, the Supreme Court uses the following language:

"So, a note is supported by a sufficient consideration if executed to secure the abandonment of a suit brought to enforce a doubtful right, or in compromise of a disputed claim made in good faith, though it ultimately appears that the claim was without merit."

So far as we have been able to ascertain from the authorities, this has been the universal holding of courts of the states of the United States, as well as the common law of England; and we find nothing to the contrary.

[2] Appellee contends in his brief that the case ought to be affirmed, because the demand of appellant was wholly without merit, real, or apparent. This contention is of no force in this case, since the jury found that appellant did, in good faith, believe that appellee was liable to it for the value of the car stolen at the time of the execution of this note, and their verdict is amply supported by the testimony. Appellee cites the following cases in support of his proposition, but we do not believe them applicable to the issues of fact raised in this case: Knotts v. Preble, 50 Ill. 226, 99 Am. Dec. 514; and Foster v. Metts, 55 Miss. 77, 30 Am. Rep. 504.

[3, 4] Appellee further contends that the consideration for the note was not a forbearance to sue, since the record showed no request for forbearance, and no forbearance agreed to as a consequence of any request, and that the note was payable on demand instead of at some future date. In this we agree with appellee, for it is apparent of record that time was of no consequence in the execution of the note. There was no plea that it was executed in forbearance of suit, but, to the contrary, that it was executed because of a threat to sue, and therefore not an issue in the case. The consideration was the settlement of the doubtful or disputed claim of appellant for the value of the stolen car, while it in good faith contended appellee was liable for, because he had the car out after business hours, in violation of the rules of the company; while appellee was equally as strong in his contention that he was using it in the furtherance of his employer's business, and further that he knew nothing of the rules against taking the car out after business hours. The jury found that appellant did believe, in good faith, that it had a just claim against appellee, for the value of the car stolen while in his possession. Appellee, by executing the note sued upon, admitted his liability for the loss of the car, and waived the defenses set forth in his answer to this suit, for he voluntarily executed the note, under no such legal duress as would excuse him in law or in fact, and there is no contention that it was executed by mistake, or induced by fraud or misrepresentation. The record further shows that the parties were dealing at arm's length, having discussed the question of liability for the loss of the car for 10 days before appellee finally signed the note.

[5] Appellee also contends that the judgment should be permitted to stand, since the note was a demand note, without grace, upon which appellant could immediately sue; therefore no consideration moved to appellee in its execution. The exact question that a demand note, without grace, not executed in agreement of a forbearance to sue, is not supported by a consideration, has never been raised, so far as our research of the authorities disclose. However, we are of the opinion that the contention is without merit. It is held by the authorities heretofore cited that the settlement of a doubtful or disputed claim alone is a sufficient consideration for a note or contract. The reason for the rule is not based upon the fact that the maker of the note is to obtain something of value or some consideration beneficial to him; but it is based upon the reasoning that if a party to a dispute knows that the other is asserting a claim against him without right, and yet prefers to settle such claim by giving his note, rather than litigate, and does so understandingly, freely, and upon equal terms with his opponent, the note is not bad for want of consideration.

It has also been held that a forbearance to sue alone is a sufficient consideration for the execution of a note. It is not contended in this case that a forbearance to sue was in the mind of either party to this suit at the time the note was made, and it is therefore no defense in this case.

We are of the opinion that the trial court should have rendered judgment for appellant, upon its motion therefor, based upon the verdict of the jury, as declared in this opinion. It is therefore ordered that the appellant do have and recover of and from appellee the face value of the note sued upon, principal, interest, and attorney's fees, and costs of suit.

Reversed and rendered.