Chas. Wm. **AYDELOTTE**, Appellant,

v.

Aubrey R. **ANDERSON**, Appellee.

No. 6542.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 5, 1955.

Campbell & Brock, Lubbock, for appellant.

Howard & Tucker, Lubbock, for appellee.

NORTHCUTT, Justice.

Aubrey R. Anderson as plaintiff, hereinafter referred to as appellee, brought suit against defendant, Chas. Wm. Aydelotte, hereinafter referred to as appellant, to recover upon a promissory note. Appellant, by his attorneys, filed an answer on December 24, 1954 acknowledging the execution

and delivery of the note in question but pleaded at such time Aubrey R. Anderson represented that Aydelotte was indebted to him for a large sum of money but that, after the execution and delivery of said note, Aydelotte determined that the claims of Aubrey R. Anderson were not true in fact. Anderson filed his first supplemental petition, in reply to said answer of Aydelotte, setting out a contract of settlement between them and setting out that they had theretofore been associated in the construction and sale of houses, lots and related real estate matters and that such association had been over a period of years and that there had never been a final adjustment or accounting of the funds which each party was entitled to receive. The contract provided there was and had been a bona fide dispute and difference between Anderson and Aydelotte and provided that, in settling this dispute, Aydelotte would execute and deliver certain notes to Anderson and then each release the other of all other claims as to their association.

On February 3, 1955, the attorneys that had filed the original answer for appellant informed him that they were withdrawing from the case and contacted the attorney representing the appellant herein and told him the case was set for trial the next day, February 4, 1955. The attorney now representing the appellant was in the actual trial of another case on February 3, 1955 when he talked to the former attorney of appellant. On the morning of February 4, 1955, the appellee's attorney went to the courtroom where appellant's attorney herein was still in the trial of the case to learn if the attorney had been employed in this case and, after learning that he had not been employed by appellant, informed said attorney that he was taking judgment that morning which he did. On February 12, 1955, appellant filed his motion to set aside the judgment rendered on February 4, 1955 and the appellee filed his answer to said motion on February 24, 1955 and among other pleadings set up the agreements between the appellant and the appellee surrounding the execution and delivery of the notes. The matter was set down for hearing on March 10, 1955 and, after hearing the pleadings and the evidence of both parties, the trial court overruled the motion for the reason that appellant failed to show a meritorious defense. From this judgment, appellant has perfected his appeal.

Appellant presents this appeal upon one point of error as follows:

"The Trial Court erred in overruling defendant's Motion to Set Aside Default Judgment and Grant a New Trial for the sole reason that the defendant, Aydelotte, 'failed to show a meritorious defense' since the defendant Aydelotte by verified pleading and evidence raised the prima facie defense of want of consideration for the note sued upon."

In connection with the settlement between appellant and appellee, they agreed to have Mr. Vernon Behner, a certified public accountant, make an audit of the books of appellant and appellee, which he did. After the audit was made and appellant considered it and discussed the matter with his attorney, he executed the notes and settlement agreement. The notes and settlement agreement were signed by appellant in his attorney's office and neither appellee nor his attorney were present.

If appellant had shown a good defense to the note in question under the facts above set out, undoubtedly, the trial court would have set the judgment aside and granted him a new trial. But under this record, this note with others was given in settlement of a bona fide dispute and difference between the appellant and appellee and by the execution and delivery of said notes, it was agreed to be in full and final accounting and settlement of all matters between them. According to this record and as found by the trial court, the appellant had no defense to the note even if a new trial should have been granted. The record herein conclusively establishes that, at the time of the execution of the note, there was a bona fide controversy between appellant and appellee and the notes,

including the note here in controversy, were executed and delivered by appellant to settle the controversy and appellant would be liable even though it later developed that the claim of appellee was without merit. Potter v. Standard Investment Co., Tex. Civ.App., 190 S.W.2d 161; Citizens Garage Co. v. Wilson, Tex.Civ.App., 252 S.W. 186. We do not find that the trial court abused its discretion in refusing appellant a new trial herein.

Appellant's assignment of error is overruled. Judgment of the trial court is affirmed.