The SHIELD COMPANY, Appellant,

v.

Floyd WILLIAMSON, D/B/A General Appliance Co., Appellee.

No. 16309.

Court of Civil Appeals of Texas.

Fort Worth.

March 16, 1962.

Biggers, Baker, Lloyd & Carver and Monty C. Barber, Dallas, for appellant.

Thompson & Hight and Grady Hight, Fort Worth, for appellee.

BOYD, Justice.

The Shield Company appeals from a judgment of dismissal in its suit against Floyd Williamson, d/b/a General Appliance Company, the dismissal coming after exceptions were sustained to appellant's petition, when it declined to amend.

The petition alleged in substance: at various times during the years 1958, 1959, and 1960 appellant sold and delivered to appellee goods, wares, and merchandise, some of which were sold on open account and some of which were sold under floor plan with Refrigeration Discount Corporation whereby appellee executed and delivered trust receipts covering such merchandise so floor planned, thus incurring liability to appellant and Refrigeration Discount Corporation for such goods, wares, and merchandise; subsequent to such sales to appellee, appellant was required to pay amounts owing by appellee to Refrigeration Discount Corporation; the amounts owing to appellant and Refrigeration Discount Corporation were disputed by appellee, and a settlement was negotiated between appellant and appellee whereby appellee was to pay to appellant the sum of $5,858.25, which agreement was made in compromise and settlement of the matters in dispute between appellant and Refrigeration Discount Corporation on the one hand and appellee on the other; the settlement agreement was made on or about May 15, 1960, and in pursuance of the agreement appellee delivered his check payable to appellant in the sum of $858.25 as the first payment on said settlement amount. The following notation was on the check: "Partial payment on account. Balance on account $5,000.00. This amount includes all obligations to THE SHIELD COMPANY and Redisco." Appellee stopped payment on the check, and though often requested to pay the sum of $5,858.25, he has failed and refused, and still fails and refuses, to pay said sum or any part thereof. Prayer was for that amount with interest from May 16, 1960.

The exceptions which were sustained were as follows: "Defendant specially excepts to paragraph I of Plaintiff's Original Petition for the reason that it does not set out what items of goods, wares and merchandise were sold by plaintiff to defendant, it does not show the dates of such alleged purchases; and it does not show

the price of said alleged purchases, or credits given thereon.

"Defendant specially excepts to paragraphs II, III and IV of Plaintiff's Original Petition on the grounds that they do not set out the consideration for any such alleged settlement.

"Defendant specially excepts to the whole of Plaintiff's Original Petition for the reason that it does not show any damages done plaintiff or any debt owed by defendant to plaintiff."

We are of the opinion that the petition was sufficient to state a cause of action on a compromise settlement agreement, however it might be if the suit had been for the purchase price of the various items sold to appellee.

We must take as true the allegations in the petition. Ulmer v. Ulmer, 139 Tex. 326, 162 S.W.2d 944; McDonald, Texas Civil Practice, Vol. 3, p. 876.

In a case such as the one pleaded, the creditor has the right either to sue on the original debt or the subsequent settlement contract. Alexander v. Handley, Tex.Com.App., 146 S.W.2d 740.

It is immaterial whether the settlement was advantageous to appellee. In Aydelotte v. Anderson, Tex.Civ.App., 284 S.W. 2d 804, it was said: " * * * there was a bona fide controversy between appellant and appellee and the notes, including the note here in controversy, were executed and delivered by appellant to settle the controversy and appellant would be liable even though it later developed that the claim of appellee was without merit." See, also, People's Ice Co. v. Glenn, Tex. Civ.App., 8 S.W.2d 735; Little v. Allen, 56 Tex. 133; J. Kahn & Co. v. Clark, 5 Cir., 178 F.2d 111; 12 Tex.Jur.2d, p. 294.

We quote from 12 Tex.Jur.2d, p. 290: "The mutual agreement of compromise is in itself a valuable consideration, sufficient to support the contract, the basic consider-

ation being the release of the rights of the parties and the avoidance of the expense and annoyance of a suit." See, also, Cameron v. Thurmond, 56 Tex. 22.

The judgment is reversed and the cause remanded.