Wesley Howard WILLIAMS, Appellant,

v.

EMPLOYERS MUTUAL CASUALTY COMPANY, Appellee.

No. 14095.

Court of Civil Appeals of Texas.

San Antonio.

May 8, 1963.

Rehearing Denied June 5, 1963.

Wade & Howard, Corpus Christi, for appellant.

Keys, Russell, Keys & Watson, Corpus Christi, for appellee.

BARROW, Justice.

This is an appeal by Wesley Howard Williams from a take-nothing summary judgment granted Employers Mutual Casualty Company in a suit filed by Williams on two drafts issued by appellee. Payment was refused when the drafts were presented. The facts are not in dispute and both parties filed motion for summary judgment. The question presented is whether there was consideration for the issuance of the drafts. The trial court found there was none and granted appellee's motion.

The motions for summary judgment were based on the depositions of appellant, his employer, and his employer's bookkeeper. For several years prior to September 29, 1960, appellant was employed as a salesman for Dixie Enginaids Company. His territory was a large part of South Texas and the Rio Grande Valley, with his headquarters in Corpus Christi. On that date Williams was involved in an automobile collision with a third party and sustained personal injuries whereby he incurred medical expenses in the amount of $509.25. At the time of the accident he was admittedly in the course and scope of his employment for Dixie Enginaids Company. Appellee had issued a liability policy to that company on the automobile operated by appellant, which provided $2,000.00 medical payment benefits for bodily injury sustained as the result of an automobile accident while in the insured vehicle. This coverage contains an exclusion that it does not apply to bodily injury "of any employee of insured arising out of and in the course of (1) domestic employment by the named insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the named insured."

Dixie Enginaids carried a policy of workmen's compensation insurance on its employees, but appellant elected to settle with the insurance carrier for the third party. He knew that this election precluded him from asserting a claim for compensation benefits. Hart v. Traders & General Insurance Co., 144 Tex. 146, 189 S.W.2d 493. Dixie Enginaids also carried a group hospitalization policy for its employees and appellant made application for payment under that policy. It was declined after appellant advised that company that he was within the scope of his employment at the time of the accident and eligible for benefits under workmen's compensation law.

A representative of the third party insurance carrier advised appellant that he could recover medical benefits under his own automobile liability policy. He did not have a personal policy on the car, but contacted appellee. On June 8, 1961, Mr. Rojo, an adjuster for appellee, contacted appellant and, after some discussion as to whether the policy contained an endorsement providing medical payments coverage, issued the two drafts sued on herein. The drafts were for the exact amount of the medical expenses paid or incurred by appellant as a result of injuries sustained in the collision. At the time of the delivery of the drafts, appellant was required to execute a receipt and release whereby he released and discharged appellee from any and all liability whatsoever under the medical payments coverage of the automobile liability policy issued to Dixie Enginaids. The next day, after issuing the drafts, Rojo telephoned appellant and advised him of the exclusion in the policy and that payment on the drafts would be stopped.

This type of coverage is a comparatively new form of insurance. The liability

of the insurer under such a provision is based upon contract and not upon negligence of the insured. 42 A.L.R.2d 983. Appellant's medical expenses were excluded under the express terms of the policy provisions. He admittedly was in the scope of his employment and furthermore his employer had a policy of workmen's compensation insurance whereby medical benefits were either payable, or required to be provided, for the injuries sustained by appellant. Art. 8306, § 7, Vernon's Ann.Civ. Stats.

■ Appellant relies primarily upon the recent New Jersey case of Hunt v. Hospital Service Plan of New Jersey, 33 N.J. 98, 162 A.2d 561. There Hunt sought to recover under a hospitalization policy issued by defendant for medical bills incurred by his wife. The policy excluded payment for medical expenses "which were in whole or in part compensable under any state workmen's compensation law." The defendant contended that since Mrs. Hunt was injured while in the scope of her employment, this exclusion applied. The Supreme Court of New Jersey held that, since the Compensation Board had ruled that the medical charges were not "compensable" as they were not authorized by her employer as required under New Jersey law, the exclusion was not applicable and permitted recovery by Hunt. This rule would not apply here, in that the policy issued by appellee excluded benefits which were not only *payable*, but which were *required to be provided*, under the workmen's compensation law. The benefits were not paid to appellant because of his own election to recover from the third party.

■ Appellant asserts that there was consideration for the drafts in that they were issued in compromise of a disputed claim. It is settled that a compromise agreement made in settlement of a doubtful claim is supported by sufficient consideration. Aydelotte v. Anderson, Tex.Civ.App., 284 S. W.2d 804; Cleburne State Bank v. Ezell,

Tex.Civ.App., 78 S.W.2d 297; Walker-Smith Co. v. Pouns, Tex.Civ.App., 256 S.W. 613. These cases are distinguishable in that here the drafts were issued not in compromise but for the exact amount of a liquidated claim. The drafts were issued through a mistake as to the coverage provided under the policy. This is not consideration. Columbian Nat. Fire Ins. Co. v. Dixie Co-op Mail Order House, Com.App., 276 S.W. 219; Burkett v. Cluck Grain Co., Tex.Civ.App., 266 S.W.2d 425; Prigmore v. Hardware Mut. Ins. Co. of Minnesota, Tex.Civ.App., 225 S.W.2d 897; 9 Tex.Jur. 2d, Bills and Notes, § 40.

■ Appellant further asserts that there was consideration in that he was required to execute a release of his claim for any other medical expenses he might incur as a result of the accident. A recent case has held that where the beneficiary is paid the exact amount admittedly due him, there is no consideration for a full release executed by him of any other sums which might be owed under the medical payments coverage. Southwestern Fire & Casualty Co. v. Atkins, Tex. Civ.App., 346 S.W.2d 892. There the insured was permitted to recover an additional $500.00 the Court found was owed under the medical payments coverage of a liability policy, even though the insured had signed a full release upon receipt of $500.00 which the company admitted it owed. The Court there quoted with approval from Woodmen of the World Life Ins. Soc. v. Armstrong, Tex.Civ.App., 170 S.W.2d 526, as follows:

"'The real question involved was whether or not there was a consideration for the execution of the receipt by appellee; appellant having paid the amount admitted to be due, we do not think there was any consideration for the remission by appellee of the remainder of her claim under the certificate. * * * So, we conclude that appellant's contention that there was an accord and satisfaction is without merit, and is overruled.'

See also Woodmen of World Life Ins. Soc. v. Smauley, Tex.Civ.App., 153 S. W.2d 608."

The release executed by appellant was in exchange for drafts in the exact amount of his medical expense, and there is no consideration for release of any additional medical expense which might be incurred under the coverage provided for in the policy.

The judgment of the trial court is affirmed.