W. C. Jack MILLER, Appellant,

v.

R. H. LAWRENCE, Appellee.

No. 11491.

Court of Civil Appeals of Texas, Austin.

May 3, 1967.

Rehearing Denied May 24, 1967.

Passman, Jones, Stewart, Andrews & Hunter, Bill C. Hunter, Gerald R. Coplin, Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Frank L. Skillern, Jr., Dallas, for appellee.

O'QUINN, Justice.

This is an appeal from summary judgment in district court awarding recovery on a promissory note, with interest and collection fees.

The foremost question is whether there was valid consideration for the note which was given in connection with settlement of a controversy involving several persons.

R. H. Lawrence of Hale County, appellee in this Court, brought suit in Dallas County in district court August 26, 1965, on a promissory note in the principal sum of $12,500 against W. C. Jack Miller of Tarrant County, the appellant. The note was dated Febraury 8, 1964, bore interest at six percent, provided for collection fees at ten percent of principal and interest, and matured August 1, 1965.

Appellant Miller filed a general denial, and Appellee Lawrence filed motion for summary judgment based on Miller's failure to deny execution of the note under oath and upon appellee's affidavit of demand and of no payment on the note. Appellant then filed a controverting affidavit in which he swore that the note had been delivered conditionally to appellee, with the understanding that the note would become null

and void if appellant was unable to recover on two certain second lien notes of Trinity Industrial Corporation amounting to $950,000.

The district court overruled Appellee Lawrence's motion for summary judgment, and appellee, after taking appellant's deposition and filing additional affidavits, filed a second motion for summary judgment. Appellant was granted a continuance, and shortly before the hearing on the second motion for summary judgment appellant filed extensive pleadings and affidavits in reply to appellee's motion and affidavits. At the hearing, the district court entered judgment for Lawrence, and Miller has appealed.

Appellant Miller's pleadings and affidavits present an extended and detailed account of transactions among numerous persons, including both appellant and appellee, beginning about three years prior to the lawsuit. Miller alleged that in October, 1962, Lawrence and one other person entered into a written contract to purchase two tracts of land in Dallas County known as the Wallace Jenkins and the Rudolph Schenkel Tracts. Lawrence and the other person each put up earnest money checks in the amount of $25,000. Lawrence's check cleared, but the other person's check was not honored. Appellant asserted that the land was not purchased by Lawrence and the other person, and Lawrence's money was forfeited as liquidated damages. Appellant alleged that thereafter George Aaron, seemingly acting for the sellers, had an oral agreement with Lawrence that if Lawrence would help bring about a sale of the Jenkins and Schenkel Tracts, Lawrence would be paid $25,000. Afterwards the sellers made a contract with people named Whitlock, with Lawrence active in the dealings, but in time the Whitlocks declined to close the sale. A lawsuit grew out of this transaction, judgment was obtained against the Whitlocks and the case was appealed. It appears Lawrence was to have $25,000 if the trade with the Whitlocks was closed.

After the Whitlock dealings ended, Appellant Miller made a contract with the owners to buy the Wallace Jenkins Tract. Miller's deed was dated August 8, 1963. It was six months later, on February 8, 1964, that Miller executed the note to Lawrence for $12,500 that became the subject of this lawsuit, together with another note in the same amount maturing at a different and later date.

Appellant alleged that he knew nothing about the contract between Aaron and Lawrence regarding payment to Lawrence of $25,000 in connection with the Whitlock negotiations; that Lawrence did not have a written contract with the owners of the Wallace Jenkins Tract for payment of $25,000 when appellant bought the tract; that the earnest money in the sum of $25,000 put up by Lawrence in 1962 on contract of purchase of both tracts had been forfeited under the agreement, and Lawrence had no valid claim for return of the deposit; and that by reason of the facts alleged valid and sufficient consideration did not pass between Lawrence and Miller in conjunction with execution of the note sued upon.

The oral depositions of George Aaron and Appellant Miller were before the district court when the second motion for summary judgment was heard and judgment entered for Lawrence. It was shown that Miller and Aaron and five others were partners, or associates, in handling the Jenkins and Schenkel Tracts. After the sale to Lawrence and his associate failed of completion, Aaron, acting for the partners, persuaded Lawrence to write a letter to National Title Company, holder of the Lawrence earnest money deposit of $25,000, releasing the money, on Aaron's promise that when the land was sold, Lawrence would get his money back. The partners needed the $25,000, according to Aaron, to pay interest owed a bank and to extend the option to the Schenkel Tract. It appears that when Lawrence released the $25,000 in National Title he was claiming an interest in the land and was still claiming an

interest when the Whitlock trade was not concluded, resulting in a lawsuit, and when the Jenkins Tract was transferred to Miller in August, 1963.

It was shown that Aaron had made a note to Lawrence for $25,000 in connection with the transactions relating to release of the deposit and the promise to refund the money to Lawrence. Aaron swore that " * * * all the partners agreed that we would guarantee his money back if he would release from the title company so we could take it and pay our obligations."

In support of the second motion for summary judgment, appellee filed an affidavit of Harold Hoffman who was an attorney for Appellant Miller in February, 1964, and prepared the promissory notes to appellee at Miller's direction. Hoffman asserted that the notes were signed by Miller in Hoffman's office in the presence of Hoffman, George Aaron and Art Clifton, one of the seven partners or associates.

Hoffman further stated that in connection with the notes, he prepared two letters. The first letter was dated February 8, the date of the notes, and was "accepted" by Miller over his signature. This letter signed by Aaron and Clifton, in its opening paragraph stated, "This will confirm the settlement agreement which we have today made with you, settling all of our differences which arise out of the sale of the Jenkins and Schenkel land in Dallas County, Texas." The letter recited that "as a part of this settlement agreement you have delivered to us the following promissory notes * * *" including two notes to Lawrence, each for $12,500. The letter contained the further provision that it was "understood and agreed between us" that if Lawrence should not be "willing to release all claims against George Aaron upon receipt of the Promissory Notes payable to him * * * then the three of us will cooperate in undertaking to work out a settlement agreeable to the said * * * Lawrence."

The second letter prepared by Hoffman at Miller's direction was for the signature of Lawrence and was addressed to Miller, Clifton, Aaron, and two others of their associates in the Jenkins and Schenkel transactions. The Lawrence letter, dated February 12, 1964, was signed by Lawrence and read in part as follows:

"In consideration of two promissory notes made by W. C. Jack Miller to me, in the amounts of $12,500 each, both dated February 8, 1964, and due on or before August 1, 1965, and August 1, 1966, respectively, with interest at 6% per annum from date, payable to me, the receipt of which is hereby acknowledged, I agree to and do hereby release and discharge each of you of and from any and all claims, causes of action, damages or suits which I now have or might have, arising out of the various transactions in which we were engaged pertaining to the land located in Dallas County, Texas, and known as the Jenkins Tract and the Schenkel Tract."

The letter further recited that the two Miller notes of $12,500 each were "accepted * * * in substitution for and in lieu of the $25,000 note" Aaron had executed to Lawrence. In conclusion, the letter stated, "This letter of release is written at the request of W. C. Jack Miller."

In his affidavit, Hoffman stated that Lawrence " * * * was not present at any time on February 8, 1964, when the promissory note was signed. At no time in my presence did anyone make mention of the fact that the note * * * payable to R. H. Lawrence, was conditional or not binding in any way."

A second affidavit by Harold Hoffman is in the record and was before the trial court. This affidavit includes excerpts from the deposition of Art Clifton and portions of the trial testimony of Appellee Lawrence, taken from the transcript, in the trial of the Whitlock case, in which Hoffman was an attorney.

In substance Clifton testified that after Lawrence's partner was unable to go forward with Lawrence in purchase of the Jenkins and Schenkel Tracts, and Lawrence had put up his deposit of $25,000, Clifton and the other associates agreed with Lawrence that he could join them in an effort either to sell the property or obtain a partner to buy the land. Lawrence testified at the Whitlock trial that his $25,000 had been turned over to Aaron, but that he had an agreement with at least some of the associates that if the Whitlock sale was closed he would get his money back.

Appellant presents six points of error on appeal. The first point is that there is a genuine issue of fact as to the absence of valid consideration for the note, and the fifth point is that appellee failed to discharge the burden imposed on him by law to establish conclusively the absence of genuine issues of fact.

Under points two, three, and four appellant contends that appellee's claim was unenforceable under (1) the Texas Real Estate Licensing Act (Article 6573a, Vernon's Anno.Civ.Sts.); (2) the Statute of Frauds (Article 3995, Vernon's Anno.Civ.Sts.); and (3) the Statute of Conveyancing (Article 1288, Vernon's Anno.Civ.Sts.). We will dispose of points one through five together.

■ Appellant by deposition acknowledged that there was a dispute between him and others, including appellee, and that he made a settlement, executing among other notes the note sued upon in this case. Appellant denied that his attorneys had exerted duress on him, and gave as the reason for settlement that agreement was needed among the associates to go forward with the Whitlock suit. It is clear that by exchange of letters in February, 1964, and delivery of the promissory notes, including the note sued upon in this cause, appellant brought about compromise and settlement of differences among the parties and particularly of his differences with appellee. Appellant does not contend that there was

any concealment, fraud, or misrepresentation by appellee in arriving at the settlement. Thus there was valid consideration as a matter of law for the promissory note sued on.

■ The rule in this state was laid down by the Supreme Court of Texas in 1892 in Hunter v. Lanius, 82 Tex. 677, 18 S.W. 201, that:

"* * * a note is supported by a sufficient consideration, if executed to secure the abandonment of a suit brought to enforce a doubtful right, *or in compromise of a disputed claim made in good faith, though it ultimately appears that the claim was without merit.*" (Emphasis added.) 18 S.W. 205, col. 1.

The rule was followed in Walker-Smith Co. v. Pouns, Tex.Civ.App., Austin, 256 S.W. 613 (no writ), in which the court said:

"It is the universal holding of courts that the execution of a note in settlement of a doubtful or disputed claim is supported by a sufficient consideration." 256 S.W. 615, col. 1.

In the Pouns case appellant sued on a note given by appellee in settlement of a dispute over loss of an automobile belonging to appellant that had been stolen while in possession of appellee, one of appellant's employees. At the trial it developed that appellant in good faith believed appellee was liable for the value of the car because appellee had the car out after business hours in violation of appellant's rules against use of its cars by employees after hours. Appellee contended that he was using the car in furtherance of his employer's business and that he knew nothing of the rule against after-hours use.

The Court applied the rule to these facts in this language:

"Appellee, by executing the note sued upon, admitted his liability for the loss of the car, and waived the defenses set forth in his answer to this suit, for he voluntarily executed the note, under no such

legal duress as would excuse him in law or in fact, and there is no contention that it was executed by mistake, or induced by fraud or misrepresentation." 256 S.W. 616, col. 1.

In accord with Hunter v. Lanius, supra, and Walker-Smith Co. v. Pouns, supra, are these cases: Miller v. Layne & Bowler Co., Tex.Civ.App., El Paso, 151 S.W. 341 (writ ref.); Citizens' Garage Co. v. Wilson, Tex. Civ.App., San Antonio, 252 S.W. 186 (no writ); Aydelotte v. Anderson, Tex.Civ. App., Amarillo, 284 S.W.2d 804 (writ ref. n. r. e.).

Appellant relies upon the holding in Burkett v. Cluck Grain Co., Tex.Civ.App., Amarillo, 266 S.W.2d 425 (no writ) to support the position that the note sued upon was without sufficient legal consideration. The facts of the Burkett case show that the note was given on representations of the payee that he had paid the maker's brother for wheat that he had also paid the maker for, and consequently had paid them twice for the wheat. The note was then given in settlement of the overpayment, when in fact there was no overpayment and neither the maker of the note nor his brother was in fact indebted to the payee at the time the note was executed. On appeal from a summary judgment in favor of the payee, the court reversed and remanded the case.

The requirement of the rule in Hunter v. Lanius, supra, that the disputed claim be made in good faith clearly is absent in Burkett v. Cluck Grain Co. It further appears that the trial court failed to consider a sworn amended answer, presenting a genuine issue of material fact, necessitating reversal. If Burkett v. Cluck Grain Co. holds as appellant contends, and we do not so find, then the case is not in line with the rule of Hunter v. Lanius and stands alone. It appears that the ends of justice were attained in the Burkett case, and it might be noted that the same court, speaking through the same justice, followed the rule of Hunter v. Lanius two years later in Aydelotte v. Anderson, supra.

■ In the second, third, and fourth assignments appellant contends that appellee's claim is unenforceable by reason of the Texas Real Estate Licensing Act, the Statute of Frauds, and the Statute of Conveyancing. We overrule these points and hold that none of these statutes is applicable in this cause. This suit was brought in the usual form of a suit on a promissory note. It is not a suit on a real estate commission. Nor is it a suit on an oral contract relating to real property. No contention is made by appellee to establish claim in real estate that would violate the provisions of Article 1288, Vernon's Anno.Civ.Sts. (Statute of Conveyancing). It is plain that appellee sued on a promissory note given in compromise and settlement of a disputed claim made in good faith. The defenses available in a suit on the disputed claim are not available in suit on a note given to compromise and settle the claim, and the consideration for the note is valid as a matter of law. Appellant cannot avoid liability on the note by showing that the claim compromised and settled by execution of the note could not have been established in court in the face of any of the statutes now invoked by appellant.

We overrule appellant's assignments of error one through five.

■ Under the sixth and last assignment of error appellant contends that the trial court erred in overruling appellant's motion to compel George Aaron to answer certain questions asked him regarding conviction of crime.

The purpose of the questioning of course was to impeach the witness by showing a conviction affecting his credibility.

The judgment of the trial court recites that the court heard and considered various motions and all pleadings and exhibits, including affidavits of Lawrence, Clifton, Miller, Sam French, Hoffman, "and the depositions of W. C. Jack Miller and George Aaron in support of and in opposition to the various matters before the court."

The judgment further recites that the parties waived the signature of Aaron to his deposition "on file in the above styled and numbered cause." The record shows that the parties by stipulation agreed that the deposition of Aaron could "be considered by the court in conjunction with * * the motion for summary judgment and defendant's opposition thereto, the signature of the deponent being expressly waived."

■ In a summary judgment proceeding it is not the duty of the trial court to ascertain the credibility of affiants or deponents, nor determine the weight to be given the testimony. The sole question is whether there exists a genuine issue of fact. Rattan v. Dicker, Tex.Civ.App., Dallas, 373 S.W.2d 306 (no writ).

Appellant's sixth assignment is overruled.

In a companion case to the case at bar, Miller v. Aaron, 413 S.W.2d 426, the Dallas Court of Civil Appeals on March 3, 1967 (rehearing overruled March 24, 1967), affirmed a district court judgment awarding recovery by George Aaron against W. C. Jack Miller upon a promissory note for $10,-000 given in the settlement of February 8, 1964, which we have under consideration. The Dallas Court, in a well-reasoned opinion, concluded, "It is our view that appellee [Aaron] carried his burden, cast upon him by appellant's [Miller's] sworn denial of consideration, of showing that there was valid consideration for the note as a matter of law, and that there was no genuine issue as to any material fact in connection therewith."

■ Appellant has failed in the case at bar to meet the burden, under his sworn denial of valid consideration, to show by facts that there was no consideration for the note. The general rule is that, confronted with a motion for summary judgment, a pleading in answer setting forth only legal conclusions will not raise a fact

issue. Alexander v. Houston Oil Field Material Company, Tex.Civ.App., Tyler, 386 S.W.2d 540 (writ ref. n. r. e.); Jones v. Willoughby, Tex.Civ.App., El Paso, 312 S. W.2d 426 (writ ref. n. r. e.); Lewis v. Ada Employees Credit Union, Tex.Civ.App., Houston, 383 S.W.2d 864 (writ ref. n. r. e.).

■ At all times material in this lawsuit Article 5933, sec. 24, (Vernon's Ann.Tex. Sts.) was effective, although it was repealed June 30, 1966, when the Texas Uniform Commercial Code became effective. Section 24 of Article 5933 reads:

"Sec. 24. Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

■ Appellee assumed the burden of showing the absence of any genuine issue as to any material fact, and that he was entitled to judgment as a matter of law, when he filed motion for summary judgment. In determining whether appellee has met this burden, the evidence must be viewed most favorable to appellant, with all conflicts being disregarded, all doubts as to existence of a genuine issue of material fact being resolved against appellee, and all evidence tending to support appellant's contention being accepted as true. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.1965).

We find that appellee met the burdens imposed under Rule 166–A, Texas Rules of Civil Procedure, by showing that there was no genuine issue as to any material fact and that there was valid consideration for the note as a matter of law.

The judgment of the district court is affirmed.

Affirmed.